HELEN STATON TAYLOR, as Next Friend of FREDERICK STANDISH
    TAYLOR, JR., Plaintiff, v. CLYDE HARMON COMBS, Defendant and
    HELEN STATON TAYLOR, Additional Defendant
                          AND
    HELEN STATON TAYLOR, Plaintiff, v. CLYDE HARMON COMBS,
                      Defendant.

(Filed 24 April 1968.)

**1. Automobiles § 57—**

In actions for personal injuries and property damage resulting from an
intersection collision, evidence for the plaintiffs *is held* sufficient to be
submitted to the jury on the issue of defendant's negligence in entering
the intersection from a servient street without stopping at the stop sign
and without keeping a proper lookout for traffic on the dominant street.

**2. Automobiles § 19—**

A driver along a dominant highway may assume, even to the last minute,
that motorists' on a servient highway will yield to him.

**3. Automobiles § 51—**

Whether a motorist was keeping a reasonably careful lookout to avoid
danger is ordinarily an issue of fact for the determination of the jury.

**4. Automobiles § 19—**

The driver along a servient highway is not required to anticipate that
a driver along a dominant highway will travel at an excessive speed or
fail to observe the rules of the road applicable to him.

**5. Automobiles § 57—**

In defendant's counterclaim and cross-action for personal injuries and
property damage resulting from an intersection collision, defendant's evi-
dence *is held* sufficient to be submitted to the jury on the issue of plain-
tiff driver's negligence in operating his automobile along a dominant high-
way at an unlawful speed and without keeping a proper lookout to avoid
the collision.

APPEAL from *Exum, J.*

These two civil actions were consolidated and tried together at
4 December 1967, Schedule D, Civil Session, MECKLENBURG County
Superior Court.

In one, Helen Staton Taylor, as next friend of her son, Fred-
erick Standish Taylor, Jr., plaintiff, sought damages for personal in-
juries to the son from Clyde Harmon Combs, defendant, due to the
actionable negligence of Combs in operating a 1961 Oldsmobile.
Combs joined Helen Staton Taylor as an additional defendant and
denied liability due to the contributory negligence of the son in op-
erating a 1961 Chevrolet automobile owned by the mother, Helen
Staton Taylor. Combs also set up a counterclaim against the son

and a cross-action against the mother for property damage and personal injuries.

In the other action, Helen Staton Taylor, as plaintiff, sought damages for her 1961 Chevrolet automobile from the defendant Combs. Combs, in turn, denied liability due to the contributory negligence of the son in operating the 1961 Chevrolet automobile and also set up a counterclaim for property damage to his 1961 Oldsmobile and for his personal injuries.

For convenience Helen Staton Taylor will be referred to as "mother"; Frederick Standish Taylor, Jr., as "son"; and Clyde Harmon Combs as "Combs."

The 1961 Chevrolet automobile owned by mother and driven on the occasion in question by son was a family-purpose automobile and mother was legally responsible for the operation thereof.

At the close of the evidence for mother and son as plaintiffs, the motion for judgment as of nonsuit was allowed and they appealed.

At the close of the evidence for Combs as defendant on his counterclaims and cross-action, the motion for judgment as of nonsuit was allowed and he appealed.

*Ervin, Horack and McCartha by C. Eugene McCartha and Carpenter, Webb and Golding by James P. Crews, attorneys for plaintiffs-appellants.*

*Leon Olive and Kennedy, Covington, Lobdell and Hickman by J. Donnell Lassiter, attorneys for defendant-appellant.*

CAMPBELL, J. The automobile collision between the Chevrolet automobile owned by mother and driven by son and the Oldsmobile automobile owned and driven by Combs occurred on Sunday, 17 April 1966, at approximately 12:45 p.m. at the right-angle intersection of Unaka Avenue and Lanier Avenue in the City of Charlotte. The weather was clear.

Lanier Avenue is for two-way traffic and is 25 to 30 feet wide. It runs in a generally northerly and southerly direction and is the dominant street.

Unaka Avenue is for two-way traffic and is 20 to 25 feet wide. It runs in a generally easterly and westerly direction and has a "stop" sign controlling vehicular traffic before entering Lanier Avenue and it is the servient street.

The speed limit was 35 miles per hour.

The Chevrolet automobile driven by son was proceeding in a southerly direction along Lanier Avenue.

The Oldsmobile automobile driven by Combs was proceeding in a westerly direction along Unaka Avenue.

The two vehicles collided in the intersection causing property damage to each vehicle and personal injuries to son and Combs.

Since both cases will again be tried, we will omit a detailed discussion of the evidence, except as deemed essential, so as not to prejudice either party on the further hearing.

The evidence for the plaintiff would permit but not require the jury to find:

1. From a point at the northeast corner of the intersection one could see an automobile traveling south on Lanier Avenue for a distance of 350 to 400 feet north of the intersection.

2. The Chevrolet was being driven south on Lanier Avenue, the dominant street, at a lawful speed not in excess of 35 miles per hour.

3. A reasonably prudent person, keeping a proper lookout, could see an automobile traveling south on Lanier Avenue, from a stopped position on Unaka Avenue, the servient street, in time to yield the right of way and not proceed out into the intersection and collide with the automobile on the dominant street.

4. The defendant, Combs, did not see the Chevrolet prior to the collision and, therefore, was not keeping a proper lookout or else failed to stop and look for traffic on the dominant street.

5. Son, driving the Chevrolet on the dominant street at a lawful speed, had the right of way and the right to expect other motorists on the servient street would yield to him. Son had the right to act upon this assumption, even to the last minute. *Peeden v. Tait,* 254 N.C. 489, 119 S.E. 2d 450.

6. Defendant, Combs, did not yield the right of way to the Chevrolet and instead precipitated a collision in the intersection.

7. Whether son was keeping a reasonably careful lookout to avoid danger is ordinarily an issue of fact, and hence not contributory negligence as a matter of law. *Peeden v. Tait, supra.*

We are of the opinion and hold that the evidence for the plaintiffs, when taken in the light most favorable to them, requires submission to the jury to determine the facts and it was error to sustain the motion for judgment of nonsuit.

The evidence for the defendant, Combs, on his counterclaims and cross-action would permit but would not require the jury to find:

1. Combs drove his Oldsmobile west on Unaka Avenue and,

when he reached Lanier Avenue, stopped in compliance with the stop sign before entering the east side of Lanier Avenue.

2. After stopping Combs looked to his right or north on Lanier Avenue and could see 150 to 200 feet, and then he looked to his left or south on Lanier Avenue. He saw nothing moving on Lanier Avenue and proceeded to drive into the intersection at a speed of three to five miles an hour and was attempting to cross.

3. When the front of the Oldsmobile reached the west side of Lanier Avenue, it was struck by the Chevrolet coming from the north or right and going south on Lanier Avenue.

4. The Chevrolet came down a hill on Lanier Avenue going south at a speed of 45 or 50 miles an hour and the driver made no effort to decrease its speed before striking the Oldsmobile which had entered the intersection and was in process of crossing.

5. At the time Combs drove the Oldsmobile into the intersection a reasonably prudent person could have assumed no vehicular traffic, on Lanier Avenue, complying with lawful speed regulations would interfere with his crossing the intersection in safety.

6. No collision would have occurred if the driver of the Chevrolet had been operating it at a lawful speed not in excess of 35 miles per hour.

7. No collision would have occurred if the driver of the Chevrolet had been keeping a reasonably careful lookout and had slowed down for the vehicle in the intersection in process of completing a crossing. *Blalock v. Hart,* 239 N.C. 475, 80 S.E. 2d 373.

We are of the opinion and hold that the evidence for defendant, Combs, when taken in the light most favorable to him, requires submission to the jury to determine the facts and it was error to sustain the motion for judgment of nonsuit.

For reasons stated the judgment rendered by the trial tribunal should be reversed, and a new trial had as to all issues.

BRITT and MORRIS, JJ., concur.