STATE OF NORTH CAROLINA v. LEE McQUEEN, JR.

No. 7019SC304

(Filed 5 August 1970)

1. Criminal Law § 87— allowance of leading questions — discretion of court

The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings thereon will not be reviewed on appeal absent a showing of abuse of discretion.

State v. McQueen

**2. Criminal Law § 87— contention that court allowed leading questions**

Defendant's contention that the court erred in permitting the solicitor to ask leading questions is without merit where the record shows that most of the questions objected to were proper, and that when one leading question was asked by the solicitor, the court permitted the solicitor to rephrase the question so as to place it in proper form.

**3. Automobiles § 46— opinion testimony as to speed**

Any person who has had an opportunity for observation is competent to testify as to the rate of speed of a moving automobile.

**4. Automobiles §§ 46, 112— manslaughter prosecution — opinion testimony as to speed**

In this manslaughter prosecution, the trial court did not err in allowing three witnesses for the State to testify as to their opinion of the speed of defendant's car, where each of the three witnesses testified that he observed defendant's car for a sufficient length of time and moving over a sufficient distance to render competent his opinion as to its speed, discrepancies in their testimony as to the opportunity each had to observe defendant's car and as to his opinion of its speed being for the jury to resolve.

APPEAL by defendant from *Kivett, J.,* 26 January 1970 Criminal Session of RANDOLPH Superior Court.

Defendant was tried on his plea of not guilty to an indictment charging him with manslaughter. The State's evidence tended to show that defendant was intoxicated and was driving his automobile at high speed when it collided with an automobile being driven by Randy Keith Harvell, who was killed as result of the collision. The jury found defendant guilty of involuntary manslaughter, and from judgment imposing prison sentence, defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Richard N. League for the State.*

*Walker, Bell & Ogburn by John N. Ogburn, Jr., for defendant appellant.*

PARKER, J.

[1, 2] Two highway patrolmen who observed defendant at the scene of the collision testified for the State that in their opinion defendant had been drinking and was under the influence of some type of alcoholic beverage. Appellant's first nine assignments of error are directed to the trial court's rulings with reference to this testimony, appellant contending the court

erred in permitting the solicitor to ask leading questions. "The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be reviewed on appeal, at least in the absence of a showing of abuse of discretion." Stansbury, N.C. Evidence 2d, § 31, at p. 59; *State v. Staten,* 271 N.C. 600, 157 S.E. 2d 225. Examination of the record in the present case reveals that most of the questions objected to were in all respects proper. When one leading question was asked by the solicitor, the court, without expressly ruling upon defendant's objection, permitted the solicitor to rephrase the question so as to place it in proper form. In this there was manifestly no abuse of discretion. Appellant's first nine assignments of error are overruled.

[4] Appellant contends the trial court erred in allowing three witnesses for the State to testify as to their opinion of the speed of defendant's car. One witness, a passenger in the car which was struck by defendant's automobile, testified that he first saw defendant's automobile when it was about 245 yards away and observed it from that point on until the collision. This witness stated that in his opinion defendant was going 95 to 100 miles an hour. A second witness, who was riding in a car traveling in the same direction as defendant, testified that from the time he first saw defendant's car until it went out of sight was "probably a minute," and that his best estimate of the distance over which he observed defendant's car moving "would be a quarter of a mile or maybe half a mile." This witness placed the speed of defendant's car at 75 miles per hour. A third witness said he observed defendant's car for "about a minute and for a distance of a quarter to a half mile," and placed the speed at between 60 and 70 miles per hour.

[3, 4] "It is a general rule of law, adopted in this State, that any person of ordinary intelligence, who has had an opportunity for observation, is competent to testify as to the rate of speed of a moving object, such as an automobile." *Lookabill v. Regan,* 247 N.C. 199, 100 S.E. 2d 521. Each of the three witnesses in this case testified that he observed defendant's car for a sufficient length of time and moving over a sufficient distance to render competent his opinion as to its speed. Discrepancies in their testimony, both as to the opportunity each had to observe defendant's car and as to his opinion of its speed, were for the jury to resolve.

We have carefully reviewed the entire record and find
No error.

CAMPBELL and VAUGHN, JJ., concur.