JACK R. MANESS v. FOWLER-JONES CONSTRUCTION COMPANY

No. 7121SC137

(Filed 31 March 1971)

1. **Rules of Civil Procedure § 50— motion for directed verdict — motion for judgment notwithstanding verdict — consideration of evidence**

   In passing upon defendant's motion for a directed verdict made under G.S. 1A-1, Rule 50(a), or for judgment notwithstanding the verdict made under G.S. 1A-1, Rule 50(b)(1), all the evidence which supports plaintiff's claim must be taken as true and viewed in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, with contradictions, conflicts and inconsistencies being resolved in his favor.

2. **Master and Servant § 18; Negligence § 2— personal injury to subcontractor's employee — action against contractor — tort**

   Action for personal injuries sustained by an employee of a subcontractor when he fell through a duct opening in the second floor of a building being constructed by defendant contractor lies in tort, and defendant's contract for construction of the building merely furnished the occasion, or created the relationship which furnished the occasion, for the tort.

3. Negligence § 2— performance of construction contract — due care

The law imposed on defendant contractor the obligation to perform its construction contract with due care.

4. Master and Servant § 18; Negligence § 53— subcontractor's employee — invitee — duty of prime contractor

A subcontractor's employee working on construction of a building was an invitee on the premises, and the prime contractor owed him the duty of due care under all the circumstances.

5. Master and Servant § 18— personal injury to employee of subcontractor — action against contractor — sufficiency of evidence of negligence

In this action for personal injuries sustained by an employee of a subcontractor when he fell through a duct opening in the second floor of a building being constructed by defendant contractor, plaintiff's evidence was sufficient for the jury where it tended to show that defendant knew of the existence of the hole and that its existence constituted a hazard, that there was no notice or warning of the presence of the hole other than a loose sheet of plywood placed over it with aluminum bucks or sections of dismantled scaffolding piled on top, that such a sheet of plywood is often used as a scaffold platform, and that in dismantling a scaffold the plywood is placed on the floor and the scaffold is dismantled and placed on the plywood.

6. Master and Servant § 18— personal injury to employee of subcontractor — action against contractor — contributory negligence

In this action for personal injuries sustained by an employee of a subcontractor when he fell through a duct opening in the second floor of a building being constructed by defendant contractor, the evidence did not disclose contributory negligence as a matter of law on the part of plaintiff in undertaking to move a loose sheet of plywood with aluminum bucks piled on top which covered the hole in order to make room for movement of a scaffold on which an employee under plaintiff's supervision was working, notwithstanding plaintiff knew that it was frequently necessary to leave such holes in concrete floors during construction, plaintiff had examined the plans for the building which showed the hole, and plaintiff could possibly have followed other safer procedures in assisting his crewman.

APPEAL by defendant from *Crissman, J.,* 5 October 1970 Session of FORSYTH Superior Court.

Civil action for personal injuries sustained by plaintiff when he fell through a hole in the floor of a building being constructed by defendant. Defendant was the prime contractor and plaintiff was the working-supervisor for a subcontractor engaged in construction of the main base facilities and offices for Piedmont Airlines at Smith Reynolds Airport in Forsyth County. On the date of plaintiff's injuries the structural steel had been erected and concrete slabs for most of the floors had

been poured. Holes had been left in the floors for elevator shafts, stairs, heating and air conditioning ducts, plumbing and other utilities. The hole through which plaintiff fell was approximately 20 inches wide and 60 inches long and had been left in the second floor of the office portion of the building in order to accommodate a duct. The hole was covered by a sheet of plywood four feet by eight feet in size on which sections of dismantled aluminum scaffolding had been piled. Plaintiff and an employee under his supervision undertook to move the plywood and dismantled scaffolding to make room for movement of a movable scafford on which the employee was working. Plaintiff and his crewman stooped down, got their fingers under one end of the plywood, lifted it about knee high, and pushed the plywood and pile of scaffold sections forward. In doing so plaintiff made one step forward and fell through the hole some 23 feet to the concrete floor below, sustaining injuries.

Plaintiff alleged defendant was negligent: in failing to erect a barricade around the hole; in failing to nail the plywood to the floor to prevent its being moved by someone who did not know what was underneath; in permitting the plywood with the scaffolding sections to remain over the hole when defendant should have known this constituted a trap for workmen like plaintiff who were ignorant of the presence of the hole; in failing to provide sufficient supervisory personnel or to place signs to warn of the presence of the hole under the plywood; and in failing to provide plaintiff with a reasonably safe place in which to perform his subcontract responsibilities. Defendant denied negligence on its part and alleged it had covered the duct opening through which plaintiff fell with the plywood "and had piled aluminum bucks on top of the plywood to act as a warning and barrier to use of the plywood surface." Defendant alleged plaintiff's injuries were caused solely by his own negligence, in that: although he knew or should have known of the presence of the hole in the floor, he deliberately removed its covering and fell through the hole; "although he knew or should have known of the general custom and practice of covering holes in floors with plywood during construction," he negligently pulled the plywood loose from the hole and moved into the uncovered hole without taking easily available steps to ascertain the presence of the hole; he pushed the plywood in front of him in such a way as to block his vision; he left a position of safety on the concrete floor and walked

forward while his vision was blocked; and he deliberately chose an unsafe method of moving the aluminum bucks by pushing the plywood, instead of by pulling it or by removing the bucks and leaving the plywood in place over the hole.

The jury answered issues of negligence, contributory negligence, and damages in favor of the plaintiff, and from judgment on the verdict defendant appealed.

*Hatfield, Allman & Hall by Roy G. Hall and Weston P. Hatfield; and DeLapp, Ward & Hedrick by Hiram H. Ward for plaintiff appellee.*

*Deal, Hutchins & Minor by John M. Minor and William K. Davis for defendant appellant.*

PARKER, Judge.

In apt time at the close of plaintiff's evidence and again at the close of all evidence defendant moved for a directed verdict in its favor on the grounds (1) that the evidence was insufficient to establish actionable negligence of the defendant and (2) that the evidence established plaintiff's contributory negligence as a matter of law. Defendant also in apt time moved that the verdict be set aside and that judgment notwithstanding the verdict be entered in accordance with its prior motions for a directed verdict. The only assignments of error brought forward by this appeal are directed to the denial of these motions and to the signing and entry of the judgment.

[1]   Our Supreme Court has held that a defendant's motion for a directed verdict in a jury trial made under Rule 50(a) of the Rules of Civil Procedure presents substantially the same question as was formerly presented by a motion for judgment of involuntary nonsuit under the statute formerly codified as G.S. 1-183 (which is now repealed) namely, whether the evidence was sufficient to entitle the plaintiff to have the jury pass on it. See opinion of Bobbitt, C.J., in *Kelly v. International Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396. In determining this question, all evidence which supports plaintiff's claim must be taken as true and viewed in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in his favor. *Musgrave v. Savings & Loan Assoc.,* 8 N.C. App. 385, 174 S.E. 2d 820.

The same test is to be applied in passing on a motion under Rule 50(b)(1) for judgment notwithstanding the verdict. *Horton v. Insurance Co.*, 9 N.C. App. 140, 175 S.E. 2d 725. Thus, the only questions presented by this appeal are whether, when the evidence is viewed in the manner above prescribed, it was sufficient to sustain a jury finding of actionable negligence on the part of the defendant, and if so, whether it so clearly established plaintiff's own negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn. While the evidence was conflicting on material matters, in our opinion it was such that opposing inferences could legitimately be drawn both on the question of defendant's actionable negligence and on the question of plaintiff's contributory negligence. This makes both issues matters which should properly be decided by the jury and we find no error in the trial court's denial of appellant's motions.

Appellant does not question that it owed to plaintiff a duty to exercise due care at the time when and with respect to the premises where plaintiff was injured. Appellant stipulated that it was the Contractor for construction of the building, having contracted with the Board of Commissioners of Forsyth County. The written contract, which was admitted in evidence, contained the following:

> "The Contractor shall take all precautions necessary for the safety of employees on the work and shall comply with all applicable provisions of Federal, State and Municipal safety laws and building codes to prevent accidents or injury to persons on, about, or adjacent to the premises where the work is being performed. The Contractor shall erect and properly maintain at all times as required by the conditions, progress of the work and the Architect-Engineer, all safeguards necessary for the protection of workmen and the public and shall post danger signs warning of hazards created by construction operations."

[2-4] Plaintiff's action in the present case lies in tort and defendant's contract for the construction of the building "merely furnishes the occasion, or creates the relationship which furnishes the occasion, for the tort." *Toone v. Adams*, 262 N.C. 403, 137 S.E. 2d 132; *Pinnix v. Toomey*, 242 N.C. 358, 87 S.E. 2d 893. The contract established defendant's control over the premises during the progress of construction and defendant's obligations with re-

spect thereto. The law imposed on defendant the obligation to perform its contract with due care. *Toone v. Adams, supra.* Plaintiff, an employee of a subcontractor working on the building, was an invitee on the premises. Defendant's duty to plaintiff, therefore, was one of due care under all the circumstances. *Spivey v. Wilcox Company,* 264 N.C. 387, 141 S.E. 2d 808.

[5] On the issue of defendant's actionable negligence, it is clear that defendant knew of the existence of the hole and that its existence constituted a hazard; defendant admitted in its answer that it "had covered a duct opening in the concrete slab of the second floor with a sheet of plywood and had piled aluminum bucks on top of the plywood to act as a warning and barrier to use of the plywood surface." Under the evidence it was for the jury to determine whether this was a sufficient precaution to fulfill defendant's obligation to use due care. While the evidence was in certain respects conflicting, it was such that the jury could legitimately find: that defendant had failed to nail or otherwise secure the plywood in place; that no notice or warning of the presence of the hole was posted and no barricade erected around it other than the loose sheet of plywood with the aluminum bucks or sections of dismantled scaffolding piled on top; and that these did not in themselves suggest the presence of the hole or the purpose which, according to defendant's answer, they were intended to serve. (There was evidence that a four by eight foot plywood sheet is at times used as a scaffold platform and that in dismantling a scaffold the plywood is first taken off and laid on the floor and the scaffold then dismantled and placed on the plywood, "[s]o that when it is completely disassembled everything [is] laying on top of the plywood to make a pile." Plaintiff himself testified he had seen the "window wall" men working on top of this same scaffold when it was erected.) Under these circumstances the plywood with its pile of scaffolding on top may well have constituted, as appellee now argues, more of a trap than a warning or protection against danger. In any event, under the evidence it was for the jury to determine if defendant failed to exercise due care with reference to the hole and if such failure was a proximate cause of plaintiff's injuries.

[6] On the issue of plaintiff's contributory negligence, while there was certainly evidence from which the jury could have found plaintiff negligent, in our opinion the evidence was not such as to compel that finding as a matter of law. While plaintiff

had had twenty-one years' experience in the construction indus-
try and knew that it was frequently necessary that holes be
left in concrete floors during the course of construction, the
evidence in this case would not compel a finding that at the
time he fell he knew or in the exercise of due care should have
known of this particular hole. He had previously had occasion
to examine plans for the building which showed this hole, but
these were included in architects' drawings consisting of ap-
proximately 50 sheets, and the work on which plaintiff and
the crew under his direction were engaged at the time of his
injury did not at that time require his attention to be centered
on the duct openings. His crewman had just completed work on
the third floor and moved down to the second floor, and there
was no similar hole or opening on the floor above. While, as
appellant argues, there may have been other, safer, procedures
which plaintiff could have followed in assisting his crewman,
this would not as a matter of law require a holding that he was
negligent in doing what he did. With reference to the issue of
contributory negligence, as with the issue of negligence, we
cannot say that only one conclusion can reasonably be drawn.
Determination of both issues was properly for the jury. *Spivey
v. Wilcox Company, supra.*

No error.

Chief Judge MALLARD and Judge GRAHAM concur.