RUBY C. SMITH v. CHARLOTTE CITY COACH LINES, INC.

No. 7126SC443

(Filed 14 July 1971)

Carriers § 19— contributory negligence of passenger in alighting from bus
　　Plaintiff bus passenger was contributorily negligent as a matter of law in stepping from defendant's bus into a muddy, rain-filled area, where she fell and was injured, when she had observed and knew of the hazardous condition of such area before she alighted from the bus.

　　Chief Judge MALLARD concurring in the result.

　　Judge CAMPBELL concurs in concurring opinion.

APPEAL by plaintiff from *Fountain, Judge,* 15 February 1971 Session of Superior Court held in MECKLENBURG County.

This is a civil action instituted by plaintiff, Ruby C. Smith, to recover damages for personal injuries allegedly sustained as a result of a fall which occurred as the plaintiff stepped from the defendant's bus near the intersection of Norris Avenue and Poinsetta Avenue in the City of Charlotte, N. C., on 2 February 1968. The plaintiff offered evidence tending to show that on 2 February 1968 at approximately 4:30 p.m. while riding in defendant's bus in a northerly direction on Norris Avenue, she pulled the cord to inform the driver that she wanted to get off the bus. The driver stopped the bus near the intersection of Norris Avenue and Poinsetta Avenue. It was raining and as the plaintiff exited the bus, she saw that the area where she was stepping was a muddy, rain-filled driveway. As the plaintiff stepped to the ground she fell, resulting in personal injuries. The plaintiff alleges that the injuries suffered were the proximate result of the defendant's negligence.

At the close of the plaintiff's evidence, the defendant moved for a directed verdict. The motion was allowed and from the entry of judgment dismissing the action, plaintiff appealed.

*Hicks & Harris by Richard F. Harris III, for plaintiff appellant.*

*Mraz, Aycock & Casstevens by John A. Mraz for defendant appellee.*

HEDRICK, Judge.

The appellant's sole contention on this appeal is that the trial judge erred in granting the defendant's motion for a directed verdict. In a negligence action where the evidence of plaintiff discloses contributory negligence so clearly that no other conclusion can be drawn therefrom, a directed verdict in favor of the defendant is proper. *R. R. Co. v. Hutton & Bourbonnais Co.,* 10 N.C. App. 1, 177 S.E. 2d 901 (1970).

In the instant case the plaintiff testified on direct examination as follows:

"Q When you were going down the two bus steps, were you looking where you were going?

A Well, I just was looking, but it was just a bad place and a muddy place there, and I just got on off."

On cross-examination the plaintiff testified:

"Q Did you see this place before you got off the bus?

A Yes, I could see it was a bad place all along. I mean I could see it was a mud place and all."

Thus, the conclusion is inescapable that the plaintiff saw the condition of the ground where the bus had stopped; nevertheless, she proceeded to step off the bus onto the "wet gully muddy place." Clearly, the act of the plaintiff in stepping from the bus onto what she now contends was a dangerous spot was a proximate cause of the fall and any injuries the plaintiff might have sustained. We hold that the evidence establishes plaintiff's contributory negligence as a matter of law, and the judgment dismissing the action is affirmed.

Affirmed.

Chief Judge MALLARD, concurring in the result.

When a motion for a directed verdict is allowed under Rule 50, the action is not "dismissed" (see Rule 41), but a verdict is "directed," and a judgment on the merits should be entered in accordance therewith.

Judge CAMPBELL concurs in concurring opinion of MALLARD, Chief Judge.