Byrd v. Potts

---

JAMES H. BYRD v. WELDON POTTS and ROYAL MANUFACTURING COMPANY

No. 7126SC281

(Filed 18 August 1971)

**Automobiles §§ 62, 83— striking pedestrian — negligence — contributory negligence — last clear chance**

In this action to recover for injuries sustained by plaintiff pedestrian when he was struck by defendant's automobile while crossing the street at a point not within a marked or unmarked crosswalk, plaintiff's evidence was insufficient to establish negligence by defendant, established plaintiff's contributory negligence as a matter of law, and was insufficient to raise an issue of last clear chance, where it tended to show that plaintiff was wearing a dark coat and dark pants at night, that he looked both ways before starting across the street but saw nothing coming, that he could see down the street four or five blocks in either direction, that once he started across the street he did not increase or decrease his walk and did not look to his right or left, that defendant was traveling 30 mph and saw plaintiff 50 feet away just before striking him, and that defendant threw on his brakes and skidded 50 feet.

APPEAL by plaintiff from *McConnell, Judge,* 10 December 1970 Civil Session of MECKLENBURG Superior Court.

Plaintiff instituted this action on 4 September 1969 seeking to recover for personal injuries sustained when he was struck by an automobile belonging to Royal Manufacturing Company (Royal) and being driven by its employee, Weldon Potts (Potts), while plaintiff was attempting to cross Statesville Avenue in the City of Charlotte. All of the material allegations of the complaint were denied, and defendants set up the plea of contributory negligence. By reply, plaintiff pleaded that even if plaintiff were contributorily negligent, defendant Potts had the last clear chance to avoid striking plaintiff.

At the close of plaintiff's evidence, defendants moved for a directed verdict. The motion was allowed, and plaintiff appeals.

---

**Byrd v. Potts**

---

*John E. McDonald, Jr., and Robert D. Potter for plaintiff appellant.*

*Wardlow, Knox, Caudle, and Wade, by J. J. Wade, Jr., for defendant appellee.*

MORRIS, Judge.

Since we do not feel that we could improve the clarity of defendants' description of the scene and area of the occurrence of the accident, we adopt that description which accurately portrays plaintiff's exhibit No. 1. The accident occurred on 17 January 1969, at or about 7:45 p.m. at a point, more specifically indicated on plaintiff's exhibit No. 1, on Statesville Avenue in Charlotte, North Carolina, near what could be described as a "Y" intersection formed by Statesville Avenue, as the stem, and an extension of Statesville Avenue forming the left arm of the "Y" and Statesville Road forming the right arm of the "Y". The accident occurred at a point which could be described as the vertex of the "Y". At this point, Statesville Avenue extends in a general north-south direction and the road is hard surfaced and had a painted line down the approximate center of Statesville Avenue. A street called Norris Avenue near where this happened extends in a general east-west direction and converged into Old Statesville Road at its westernmost point and forms at that point what is commonly known as a "T" intersection. At the top of this "T" intersection there is a concrete island and grass area, on which island there is a right-turn only sign directing traffic traveling west on Norris Avenue to the right, or to the north; Old Statesville Road at this point being a one-way street. This concrete island and grass area divides Statesville Road and Old Statesville Road and prohibits travel from Norris Avenue directly into Statesville Avenue (Plaintiff's Exhibit No. 1).

Plaintiff's contention that the accident occurred at an unmarked crosswalk at an intersection is without merit. The evidence is not sufficient to raise the question and plaintiff's exhibit No. 1 clearly negates this position.

On appeal from the granting of a motion for a directed verdict, the sufficiency of plaintiff's evidence is to be determined by the application of the same principles applicable in determining the sufficiency of evidence to withstand the former

motion for nonsuit under G.S. 1-183 (now repealed). All evidence which supports plaintiff's claim must be taken as true and viewed in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in his favor. *Maness v. Construction Co.*, 10 N.C. App. 592, 179 S.E. 2d 816 (1971), *cert. den.* 278 N.C. 522 (1971).

Plaintiff's evidence tended to show: The accident occurred about 7:45 p.m. on the night of 17 January 1969. At the time, plaintiff was wearing a dark blue trench coat and dark pants. He left his home about 25 minutes to eight and went across Samuel Street south toward town on Statesville Avenue. He went down by the fence, around to the telephone pole, stopped and looked both ways, started across the street and was hit in the right hand lane coming from town and knocked back over into the lane going to town and was hit by another automobile coming from Statesville or from the north towards Charlotte. That automobile stopped at about the same place where plaintiff was struck by defendant Potts but in the other lane and going towards Charlotte. Plaintiff had crossed Statesville Avenue at that point before and had seen other people crossing there. He did not hear a horn blow, nor brakes squeal, nor did he hear any skidding. There were no cars stopped at Newland Road going south when he started to cross Statesville Avenue. He did not have to wait for any traffic to pass in front of him before he started to cross the street. He doesn't remember seeing any cars going north at the intersection of Newland and Statesville Roads nor that any cars were stopped at the traffic light. He estimates that it took him about six seconds from the time he left the western side of Statesville Avenue to the point at which he was hit. At the point where he crossed Statesville Avenue there was a street light on a telephone pole and it was burning. There is a path on the south side of Norris Avenue but no paved sidewalk. (Norris Avenue intersects Old Statesville Road and Old Statesville Road runs parallel to Statesville Avenue but is separated therefrom by a concrete island and grass area. Plaintiff would have to cross this area and Old Statesville Road to get to the path on the south side of Norris Avenue.) Plaintiff could see four or five blocks south or right from the point on Statesville Avenue where he crossed and about the same distance to his left, or north on Statesville.

He saw nothing coming from either direction and walked straight across Statesville Avenue. Once he left the side of Statesville Avenue to cross it, he did not increase or decrease his walk but kept the same speed and did not stop until he was hit. Once he started, he did not look either way. Defendant Potts was traveling about 30 miles per hour and saw plaintiff just before his automobile struck plaintiff who was then about 50 feet away. Plaintiff was in front of defendant Potts in his lane of traffic and had crossed the center line. When he saw plaintiff he threw on the brakes and skidded about 50 feet.

Testing the evidence by the principles set out herein, we come to the ineluctable conclusion that the evidence is insufficient to establish negligence on the part of defendants, so clearly establishes plaintiff's own negligence as one of the proximate causes of his injury that no other reasonable inference could be drawn, and makes inapplicable the doctrine of last clear chance. Like the trial judge, we are impressed with the honesty of plaintiff in his testimony. Nevertheless, in the trial of the matter, we find

No error.

Judges BRITT and PARKER concur.