OBIE G. HILL v. DAVID RAY JONES AND H. R. JONES TOOL
& SUPPLY COMPANY

No. 7418DC182

(Filed 19 June 1974)

**Automobiles §§ 50, 73— changing lanes — sufficiency of evidence of negligence and contributory negligence**

The trial court in an automobile collision case erred in granting defendant's motion for a directed verdict where plaintiff's evidence gave rise to at least an inference that defendant did not exercise due care in changing lanes and in observing adequately the motorists in both lanes in front of him and where the evidence did not disclose contributory negligence on plaintiff's part so clearly that no other conclusion could be drawn therefrom.

APPEAL from *Haworth, Judge,* 17 September 1973 Civil Session of GUILFORD County District Court. Argued in the Court of Appeals 6 May 1974.

Plaintiff appeals from the granting of a directed verdict for defendant in an automobile negligence action. Plaintiff alleged that he was travelling in the left lane of two westbound lanes and that defendant was following him in the right lane. An unknown motorist pulled from the right hand curb and crossed both lanes and turned left in front of plaintiff, causing plaintiff to apply his brakes. Plaintiff further alleged that he was struck from the rear by defendant, who had just moved from the right lane to the left lane.

In his answer, defendant admitted that an unknown vehicle pulled from the curb in front of plaintiff. However, he averred that plaintiff was travelling in the right lane and changed to the left lane in order to avoid the unknown motorist. Defendant further averred that he was travelling in the left lane, and that when plaintiff moved to the left lane, defendant attempted to cross to the right lane. Seeing the right lane blocked by the unknown motorist, defendant was forced back into the left lane when he struck plaintiff's car. He further averred that plaintiff changed lanes without signalling or determining that the movement could be made safely.

At trial plaintiff testified that he was travelling in the left lane in heavy traffic when the unknown motorist pulled out in front of him. When he applied his brakes, he was struck from the rear by defendant. He further testified that after the

---
**Hill v. Jones**
---

accident, he observed no skid marks from his car, but there were skid marks made by the truck which "started in the right side and skidded going over the center lane and hit my car clockwise."

At the close of plaintiff's evidence defendant moved for a directed verdict on the grounds that (1) plaintiff failed to offer any evidence of negligence which was a proximate cause of the accident, and (2) even if plaintiff's evidence established negligence, it also established plaintiff's contributory negligence as a matter of law. The motion was granted, and plaintiff appealed.

*Hubert E. Seymour, Jr., for plaintiff appellant.*

*Henson, Donahue and Elrod, by Joseph E. Elrod III, for defendant appellees.*

MORRIS, Judge.

Plaintiff brings forward only one exception, and we feel that it is well taken. The motion for directed verdict should have been denied inasmuch as plaintiff's evidence, viewed in the light most favorable to him, was sufficient to create an inference of negligence on the part of the defendant.

In the case before us, the evidence of plaintiff gives rise to at least an inference that defendant did not exercise due care in changing lanes and failing to observe adequately the motorists in both lanes in front of him, and that the lack of due care was a proximate cause of the accident.

Nor do we think that the evidence discloses contributory negligence on plaintiff's part so clearly that no other conclusion can be drawn therefrom, as must be the case for defendant to prevail on a motion for a directed verdict based on plaintiff's contributory negligence as a matter of law. *Smith v. Coach Lines,* 12 N.C. App. 25, 182 S.E. 2d 4 (1971), cert. denied 279 N.C. 395 (1971). Where, as here, more than one conclusion can reasonably be drawn from the evidence, the issue should be submitted to the jury. *Maness v. Construction Co.,* 10 N.C. App. 592, 179 S.E. 2d 816 (1971), cert. denied 278 N.C. 522 (1971).

For the reasons stated, plaintiff is entitled to a

New trial.

Judges CAMPBELL and VAUGHN concur.