CLYDE C. HARTSELL, JR. v. LEWIS CALVIN STRICKLAND

No. 7519SC172

(Filed 21 May 1975)

**Automobiles § 62— pedestrian jumping into highway — directed verdict for driver proper**

In an action to recover for personal injuries sustained when plaintiff was struck by defendant's automobile, the trial court properly allowed defendant's motion for a directed verdict where the evidence tended to show that plaintiff jumped from the side of the highway into defendant's lane of travel when plaintiff was frightened by a loud noise, defendant was not traveling at an excessive speed, and defendant did not fail to maintain a proper lookout.

APPEAL by plainitff from *Seay, Judge.* Judgment entered 3 December 1974 in Superior Court, CABARRUS County. Heard in the Court of Appeals 6 May 1975.

Plaintiff brought this action to recover damages for personal injuries sustained by him when he was struck by an automobile owned and operated by defendant, Lewis Calvin

Strickland. Judgment was entered allowing defendant's motion for a directed verdict at the close of plaintiff's evidence.

*Hartsell, Hartsell & Mills, P.A., by Fletcher L. Hartsell, Jr., for plaintiff appellant.*

*Williams, Willeford, Boger & Grady, by John Hugh Williams, for defendant appellee.*

VAUGHN, Judge.

We find no prejudicial error in the exclusion of one of the witnesses' estimate of defendant's speed. Even if it had been shown that the witness had a reasonable opportunity to judge defendant's speed, the excluded answer was favorable to defendant and not to plaintiff.

The remaining issue is whether the evidence, when considered in the light most favorable to plaintiff, and giving plaintiff the benefit of every reasonable inference to be drawn therefrom, is sufficient to justify a verdict in plaintiff's favor. The evidence, viewed in this manner, tended to show the following.

At approximately 3:30 on the afternoon of 10 June 1970, plaintiff, a Snap-On-Tool salesman, Don Steele and William Haynes were examining a compressor attached to Steele's pickup truck. Steele's truck was parked on the shoulder of a rural paved road 18 feet in width. The truck was near or on the edge of the pavement. It was facing a southerly direction and was 200 feet to 300 feet from the intersection of Deal Road and Highway 152. The posted speed limit was 55 miles per hour. It was a clear day and there was nothing to obstruct the view between the intersection and where the men were standing.

The men were going to hook up the impact gun to the air compressor to see if the compressor had the necessary volume to work the air gun properly. They cranked up the compressor and began examining it. It built up a head of pressure. Suddenly there was a loud explosion. Plaintiff, who was standing on the edge of the road at the left front of the compressor, was startled by the explosion and jumped backwards about two feet toward the center of the highway. As soon as plaintiff jumped back he was struck by the right front fender of defendant's automobile, which was proceeding in a southerly direction.

---

**Hartsell v. Strickland**

---

While examining the air compressor plaintiff was standing at the left front of the compressor, farthest from the intersection. Steele was beside plaintiff and toward the middle of the compressor, and Haynes was on the same side towards the rear of the compressor and nearest to the intersection. When plaintiff jumped back onto the highway, defendant was approximately within a car length of plaintiff. Defendant stopped his car a few feet from the point of impact after veering to the left partially across the center line of the highway. Plaintiff did not see defendant's automobile before the impact. Prior to impact there was no horn nor other warning that defendant's automobile was approaching. Defendant did not see plaintiff until he was less than one car length away. Defendant did not decrease his speed by applying his brakes until about the time of the collision.

There was no evidence that defendant was travelling at an excessive speed under the existing circumstances. In fact, the evidence tends to negate excessive speed. Prior to the time plaintiff jumped into the path of defendant's car there was no apparant hazard which would have caused a reasonably prudent motorist to have operated at a slower speed than that indicated by the evidence. Plaintiff has not shown that defendant failed to maintain a proper lookout and that such failure was a proximate cause of the accident. That defendant did not sound his horn does not help plaintiff. He did not move onto the highway because he was unaware of defendant's approaching vehicle. His own evidence discloses that his sudden removal from a place of safety onto the highway was the result of an involuntary reaction to the unexpected loud noise. Certainly defendant could not have anticipated that plaintiff would propel himself into the front of defendant's car so suddenly that defendant could do nothing to avoid the accident.

The trial judge correctly concluded that plaintiff's evidence was insufficient to go to the jury.

Affirmed.

Judges BRITT and PARKER concur.