LEWIS ALFRED EVANS, INCOMPETENT, BY HIS GUARDIAN AD LITEM LORENZO EVANS v. JESSE EDWARD CARNEY

No. 763SC43

(Filed 2 June 1976)

Automobiles § 62— striking pedestrian — pedestrian moving from safe place into path of auto

In an action to recover for personal injuries sustained by plaintiff's ward when he was struck by defendant's automobile, the trial court properly granted defendant's motion for directed verdict where the evidence tended to show that plaintiff's ward left a position of safety on the median of the highway and suddenly ran onto the highway into the path of defendant's vehicle, and there was no evidence that defendant's speed was excessive, that he failed to maintain a reasonable lookout or proper control, or that he violated any other rules of the road.

APPEAL by plaintiff from *Lanier, Judge.* Judgment entered 9 September 1975, Superior Court, PITT County. Heard in the Court of Appeals 3 May 1976.

Plaintiff brought this action in which he alleged that his ward was struck by an automobile being driven by defendant. Plaintiff further alleged that the accident was caused by defendant's negligence and that plaintiff's ward had suffered severe injuries as a result. Defendant answered denying negligence and alleged that plaintiff's ward had been contributorily negligent.

For the plaintiff Leatrice Miller testified that she was driving at a speed of 50 m.p.h in the outside southbound lane of Highway No. 31, a four-lane highway separated by a median, and that defendant's car was following her; she saw plaintiff's ward run from the median across the inside lane, stop in front of her car, then turn and run back toward the median, but was struck by defendant's car in the inside lane.

Plaintiff introduced defendant's deposition which tended to show that his car was even with Miller's back bumper; that suddenly plaintiff's ward ran in front of his car; that he swerved to the right but could not avoid hitting him. When the plaintiff's ward first ran into the road, he was about 18 feet in front of defendant's car.

At the conclusion of the plaintiff's evidence, plaintiff moved to amend his complaint to conform the pleadings to the evidence, and assert the doctrine of last clear chance, but the motion was denied. The court then granted defendant's motion for a directed verdict, and plaintiff appeals.

*James, Hite, Cavendish & Blount by Robert D. Rouse III for plaintiff appellant.*

*Everett & Cheatham by James T. Cheatham and Edward J. Harper II for defendant appellee.*

CLARK, Judge.

The principal issue is whether the trial court erred in granting defendant's G.S. 1A-1, Rule 50(a) motion for directed verdict. This motion is directed to the sufficiency of the evidence to justify a verdict for the plaintiff when considered in the light most favorable to him. *Kelly v. Harvester Co.,* 278 N.C. 153,

Evans v. Carney

179 S.E. 2d 396 (1971); *Maness v. Construction Co.*, 10 N.C. App. 592, 179 S.E. 2d 816 (1971). The granting of this motion resulted in a judgment on the merits since the plaintiff, apparently having determined that he could not strengthen his case on retrial, made no attempt to preserve his rights by dismissal under Rule 41.

The plaintiff's ward left a position of safety on the median and suddenly ran onto the highway across the inside lane to the outside lane in front of the Miller car; there he apparently realized his peril and stopped so close that Mrs. Miller thought she could not avoid hitting him. At this time the front of defendant's car in the inside lane was beside the rear wheels of the Miller car, both traveling at a speed of about 50 miles per hour. Plaintiff's ward turned and darted back toward the median but was struck by defendant's car. Both cars were moving at a speed of about 73 feet per second. Though both Mrs. Miller and defendant should have seen and did see plaintiff's ward on the median a substantial distance away, neither could anticipate that he would suddenly run into the highway, and defendant's failure to do so was not negligence. Considering the evidence in the light most favorable to the plaintiff, there was no evidence of excessive speed, or failure to maintain a reasonable lookout or proper control, or the violation of any other rules of the road.

In a recent case, *Hartsell v. Strickland*, 26 N.C. App. 68, 214 S.E. 2d 598 (1975), the factual circumstances were somewhat similar in that a worker suddenly jumped onto the highway in front of defendant's oncoming car when he was startled by an explosion. The court affirmed a directed verdict for defendant on the ground that plaintiff failed to show primary negligence of the defendant.

There are many other cases with substantially similar circumstances wherein the North Carolina Supreme Court and this Court have found that plaintiff's evidence was not sufficient to justify a verdict in his favor. See 1 Strong, N. C. Index 2d, Automobiles, § 62.

Since we find that plaintiff's evidence of negligence was insufficient, plaintiff's claim of error in the denial of his motion to assert the doctrine of last clear chance and in the exclusion of his evidence offered of his ward's mental incapacity, both relating to the issue of contributory negligence, are irrelevant.

The judgment for defendant is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.