LUTHER GORE, PLAINTIFF APPELLEE v. ROMIE HENRY WILLIAMS, DEFENDANT APPELLEE, BENNIE ALLEN FAISON AND NASH JOHNSON & SONS' FARMS, INC., DEFENDANT APPELLANTS

No. 814SC1165

(Filed 6 July 1982)

1. **Automobiles and Other Vehicles § 46; Evidence § 46.1— opinion of automobile's rate of speed — admissible**

    In a negligence action arising from an automobile collision, the trial court erred in refusing to allow a witness's opinion as to the speed of one defendant's vehicle since he had a reasonable opportunity to observe the automobile and since the evidence was relevant to the issue of whether one of the defendants was contributorily negligent.

2. **Automobiles and Other Vehicles § 45; Evidence § 23— automobile accident — statement in complaint inconsistent with statement at trial — evidence of complaint admissible**

    In an action arising from an automobile accident in which plaintiff, a passenger, sued the driver of the vehicle in which he was riding and the driver of the other vehicle, the trial court erred in not allowing examination of plaintiff concerning statements in his verified complaint concerning the speed of the vehicle in which he was riding as the statements were inconsistent with his testimony at trial and tended to show the witness's lack of credibility.

APPEAL by defendants, Bennie Allen Faison and Nash Johnson & Sons' Farms, Inc., from *Barefoot, Judge.* Judgment entered 23 March 1981 in Superior Court, DUPLIN County. Heard in the Court of Appeals 10 June 1982.

This is a civil action to recover damages for injury to person and property sustained in an automobile collision.

On 15 December 1978, at 7:00 p.m., Romie Henry Williams was operating a 1973 Ford automobile of which Luther Gore was a passenger. Shortly after rounding a curve on Highway 11, Williams collided with a tractor-trailer truck owned by Nash Johnson & Sons' Farms, Inc., and operated by Bennie Faison. Faison had been backing the truck from Highway 11 down a dirt

path to a turkey house. At the time of the accident, the trailer was across both lanes of the highway. Its emergency blinkers were on.

Gore instituted an action for personal injury, alleging that Williams and Faison were jointly and concurrently negligent. Each defendant denied any negligence on his part. Defendants Faison and Farms, Inc., asserted a cross claim against defendant Williams for contribution. Williams filed a cross claim against defendants Faison and Farms, Inc., for contribution and a third party claim against them for personal injury and property damage. Gore later released defendant Williams from his action upon payment of $6,000.00.

A jury considered the issues of negligence, contributory negligence and damages. It found that defendant Faison had been negligent, that Williams had not been contributorily negligent, that Gore should receive $75,000.00 in damages from Faison and Farms, Inc., and that Williams should receive $71,600.00 in damages. The court credited defendants Faison and Farms, Inc., with the $6,000.00 already paid to Gore.

*Russell J. Lanier, Jr., and Rivers D. Johnson, Jr., for defendant appellee.*

*Ragsdale and Liggett, by Jane Flowers Finch and Vance Gavin, for defendant appellants.*

VAUGHN, Judge.

Defendants present several assignments of error pertaining to defendant Williams' third party claim. We will address those errors for which we conclude defendants are entitled to a new trial.

[1] In Assignment of Error No. 16, defendants argue that the court erred in excluding testimony of Faison as to the speed of the Williams' vehicle. We agree.

In North Carolina, any person of ordinary intelligence who has had a reasonable opportunity to observe a moving automobile is competent to testify as to that automobile's rate of speed. *Jones v. Horton,* 264 N.C. 549, 142 S.E. 2d 351 (1965). Any inconsistency between the witness' opinion and other evidence in-

troduced at trial affects only the weight of the testimony, not its admissibility. *State v. McQueen,* 9 N.C. App. 248, 250, 175 S.E. 2d 789, 791 (1970).

In the present case, Faison testified that he had observed the Williams' vehicle for at least one-half mile. He was prepared to further testify that, in his opinion, the vehicle was travelling at a rate of 65 to 70 m.p.h. Such evidence was relevant to the issue of whether Williams was contributorily negligent. We, therefore, conclude that the court committed prejudicial error in excluding Faison's opinion as to speed. *See Loomis v. Torrence,* 259 N.C. 381, 130 S.E. 2d 540 (1963).

[2] In Assignments of Error Nos. 15 and 18, defendants argue that the court erred in not allowing examination of Luther Gore concerning statements in his verified complaint and in not allowing the introduction into evidence of the complaint itself. We agree.

A witness may always be impeached by proof that on another occasion he made a statement inconsistent with his statement at trial. *State v. McKeithan,* 293 N.C. 722, 730, 239 S.E. 2d 254 (1977). The prior statement may have been made orally or in a writing. 1 Stansbury, N.C. Evidence § 46 (Brandis rev. 1973).

At the trial of this action, Gore testified that, in his opinion, the car in which he was a passenger was travelling at a rate of 55 to 57 m.p.h. He further stated that Williams braked as soon as the two men saw the tractor-trailer. In his verified complaint, however, Gore had alleged the following:

"That at the time and place of said accident the defendant, ROMIE HENRY WILLIAMS, was negligent in the following respects:

. . .

B. He failed to keep his vehicle under proper control;

C. He operated his motor vehicle at a speed greater than was reasonable and prudent under the circumstances;

D. He failed to reduce his speed upon approaching a special traffic hazard of a vehicle being parked upon the public highway immediately in front of his lane of travel."

When counsel for defendant Faison attempted to examine Gore concerning the allegations in his original complaint, the court sustained opposing counsel's objection.

We hold that it was prejudicial error for the court to exclude Gore's testimony concerning statements in his complaint. *See Piper v. Ashburn,* 243 N.C. 51, 89 S.E. 2d 762 (1955). The prior inconsistent statements were not sought as substantive evidence but as evidence tending to show the witness' lack of credibility. Moreover, they addressed one of the primary issues at trial: whether defendant Faison was the sole proximate cause of the injuries of Gore and Williams. The court also committed prejudicial error when it denied admission into evidence of portions of the original complaint. Parts of a pleading are competent as admissions against interest and are always admissible against the party who made them. *Chavis v. Insurance Co.,* 251 N.C. 849, 852, 112 S.E. 2d 574, 576 (1960); *Morris v. Bogue Corporation,* 194 N.C. 279, 139 S.E. 433 (1927); *Floyd v. Thomas,* 108 N.C. 93, 12 S.E. 740 (1891).

The errors discussed herein entitle defendants to a new trial. Defendants' other assignments of error need not be expressly considered since they may not occur at the second trial.

Reversed.

Judges CLARK and HILL concur.