GUSS ALSTON v. ANNE H. HERRICK

No. 8415SC919

(Filed 6 August 1985)

1. **Automobiles and Other Vehicles § 78.1— contributory negligence—failure to keep proper lookout—failure to reduce speed—sufficiency of evidence**

In an action to recover damages sustained by plaintiff when the garbage truck he was driving overturned after defendant allegedly drove across the center line when entering the highway from a driveway, the evidence presented questions for the jury as to whether plaintiff was contributorily

negligent by failing to maintain a proper lookout and by pulling off the road and not applying his brakes to reduce his speed where there was evidence tending to show that plaintiff had a clear view of defendant and her driveway for 200 feet but did not see defendant's vehicle until he was aproximately 30 feet from it; when plaintiff first saw defendant's vehicle he tapped his brakes but then determined that he would slide into defendant's vehicle if he hit the brakes; he then turned his truck toward the shoulder of the highway and traveled about 100 feet beyond defendant's driveway without applying his brakes before his right wheels struck a driveway and his truck overturned.

2. **Automobiles and Other Vehicles § 88.3— contributory negligence—exceeding reasonable speed—sufficiency of evidence**

The evidence presented a jury question as to whether plaintiff was contributorily negligent by driving at a speed greater than was reasonable under the circumstances where there was evidence tending to show that plaintiff was driving an eight-foot wide 16,700 pound garbage truck in a travel lane slightly wider than nine feet at 45 miles per hour in the rain.

3. **Witnesses § 6.3— prior convictions of traffic offenses—proper cross-examination**

The trial court in a motor vehicle accident case did not abuse its discretion in permitting plaintiff to cross-examine defendant concerning prior convictions for traffic offenses where the court clearly instructed the jury that defendant's prior convictions were only to be considered on the issue of her credibility.

4. **Trial § 13.1— jury view of repaired truck**

The trial court did not abuse its discretion in permitting a jury view of a repaired garbage truck which had been damaged in the accident in question.

Judge WEBB dissenting.

APPEAL by defendant from *Russell G. Walker, Judge.* Judgment entered 5 April 1984 in Superior Court, ORANGE County. Heard in the Court of Appeals 16 April 1985.

*Epting & Hackney, by Joe Hackney, for plaintiff appellee.*

*Bryant, Drew, Crill & Patterson, P.A., by Lee A. Patterson, II, for defendant appellant.*

BECTON, Judge.

I

Plaintiff, Guss Alston, brought this action to recover damages suffered when the truck he was driving overturned. He alleged that this accident was caused by defendant Anne Herrick's operating her automobile in the path of Alston's truck.

At trial, Alston and Herrick were the principal witnesses. Several other witnesses provided testimony chiefly relating to damages. At the close of all the evidence, the trial court directed a verdict in favor of Alston on the issue of contributory negligence. The court submitted two issues to the jury: whether Herrick was negligent, and if so, the amount of damages to which Alston was entitled for personal injury and property damage. The jury found Herrick negligent and awarded Alston damages. Herrick moved for a judgment notwithstanding the verdict and for a new trial, which motions were denied.

Herrick appeals, her principal assignments of error relating to the trial court's failure to submit the issue of Alston's contributory negligence to the jury. We conclude that it was reversible error for the trial court to direct a verdict in Alston's favor on the issue of his contributory negligence, and to fail to submit that issue to the jury. Therefore, the case is remanded for a new trial. Insofar as it may aid the litigants and the trial judge on remand, we also briefly address several of the remaining assignments of error.

II

*Factual Background*

On 14 February 1983, at about 2:00 p.m., Guss Alston was operating a trash compacting garbage truck belonging to him in an easterly direction along a rural paved road in Chatham County. It was raining. The speed limit was 55 miles per hour, and Alston testified that he was traveling at 45 miles per hour. As Alston approached the driveway to Herrick's house, Herrick entered the roadway, turning right into the westbound lane. Herrick testified that in making the turn, she did not cross the double lines in the middle of the road; Alston testified that she did. As Herrick entered the highway, Alston swerved his truck right, onto the shoulder of the road. With the right-hand wheels on the shoulder and the left-hand wheels on the pavement, Alston testified that he proceeded another 50 feet (Herrick's evidence indicates 100 feet) until the right-hand wheels hit a driveway and the truck overturned. Alston was injured, and the truck and garbage compacting unit on it were damaged.

III

During the charge conference, counsel for Alston moved that no instruction on contributory negligence be given. The trial court construed the motion as one for a directed verdict on the issue of Alston's contributory negligence, and allowed the motion. We conclude that it was reversible error for the trial court to so direct a verdict, and to fail to submit the issue of Alston's contributory negligence to the jury.

A motion for a directed verdict presents the same question for both the trial and appellate courts: whether the evidence, taken in the light most favorable to the non-movant, and giving the non-movant the benefit of every reasonable inference arising from that evidence, is sufficient for submission to the jury. *Arnold v. Sharpe*, 296 N.C. 533, 251 S.E. 2d 452 (1979). *See Shields v. Nationwide Mut. Fire Ins. Co.*, 61 N.C. App. 365, 301 S.E. 2d 439, *disc. rev. denied*, 308 N.C. 678, 304 S.E. 2d 759 (1983) (non-movant's evidence to be taken as true). Although it is true that in situations involving negligence, issues of fact and determinations of the reasonableness of conduct are for the jury, and not for the court, *Alva v. Cloninger*, 51 N.C. App. 602, 277 S.E. 2d 535 (1981), evidence which merely raises a conjecture is not sufficient to warrant submission to the jury. *Jones v. Holt*, 268 N.C. 381, 150 S.E. 2d 759 (1966).

Applying the foregoing principles to the instant facts, we find that the evidence plainly discloses a triable issue of whether Alston was contributorily negligent by failing to maintain a proper lookout, by driving at a speed greater than was reasonable under the circumstances, and by pulling off the road and not applying his brakes to reduce his speed. Taking the evidence in the light most favorable to the non-movant Herrick, we find: that Alston had a clear view of Herrick and her driveway for 200 feet; that he did not see Herrick's vehicle until he was approximately 30 feet away from her; that when he first saw her vehicle he tapped his brakes, but then determined that he would "slide into" Herrick if he "hit the brakes"; that he then turned his truck toward the shoulder of the highway and traveled about 100 feet beyond the driveway without applying his brakes before his truck overturned.

[1]   Although Alston argues that the course of conduct he elected to follow—pulling over to the side of the road without braking—was, as a matter of law, reasonable and non-negligent, we do not agree. We cannot say that this is the sole conclusion that can be drawn from the evidence. *See Maness v. Fowler-Jones Construction Co.*, 10 N.C. App. 592, 179 S.E. 2d 816, *cert. denied*, 278 N.C. 522, 180 S.E. 2d 610 (1971). Alston himself testified that he considered several options before deciding to pull over onto the shoulder. Further, in light of Alston's testimony that he did not notice Herrick until he was a short distance away from her, we note that whether a driver is keeping a reasonably careful lookout to avoid danger is ordinarily a question of fact. *Taylor v. Combs*, 1 N.C. App. 188, 160 S.E. 2d 539 (1968).

[2]   Finally, the evidence raises a question of fact as to whether Alston was guilty of contributory negligence by driving at a speed that was not reasonable and prudent under the circumstances. A motorist may be found negligent by driving at a speed less than that posted when there has been a showing that conditions were such that the speed traveled exceeded that which a reasonable person would have traveled under the same conditions. *Primm v. King*, 249 N.C. 228, 106 S.E. 2d 223 (1958). Alston's own testimony was that he was driving an eight-foot wide 16,700 pound truck in a travel lane slightly wider than 9 feet at 45 miles per hour in the rain. Herrick's testimony, erroneously excluded by the trial court, was that Alston was traveling at 50 miles per hour. *See Gore v. Williams*, 58 N.C. App. 222, 293 S.E. 2d 282 (1982) ("any person of ordinary intelligence who has had a reasonable opportunity to observe a moving automobile is competent to testify as to that automobile's rate of speed"; Herrick testified she observed Alston's truck for two to three seconds). Under the circumstances, whether Alston was driving at a reasonable and prudent speed was for the jury to determine.

We conclude that sufficient evidence was adduced to permit a jury to reasonably find that defendant Alston's contributory negligence was at least one of the proximate causes of his accident. It was, therefore, error for the trial court to direct a verdict in Alston's favor on this issue. *See Dunn v. Herring*, 67 N.C. App. 306, 313 S.E. 2d 22 (1984) (directed verdict on issue of contributory negligence not appropriate in close case; to direct verdict, evidence must *compel* finding of contributory negligence).

## IV

We briefly address three of the remaining six assignments of error.

First, Herrick argues that the trial court committed reversible error in denying her motion for a directed verdict at the close of all the evidence and in denying her motion for a judgment notwithstanding the verdict because the evidence failed to establish her negligence as a matter of law, and also showed as a matter of law that Alston was contributorily negligent. As to Herrick's negligence, Herrick testified that she did not cross the center line when she pulled out; Alston testified that she did. This evidence alone takes the issue of Herrick's negligence to the jury. And, as we have already discussed, the evidence also raises a factual issue as to Alston's contributory negligence. Thus, Herrick's motions for a directed verdict and judgment n.o.v. were properly denied.

[3]　Herrick also contends that the trial court erred in permitting cross-examination of her as to prior convictions of traffic offenses. At the time of trial, the controlling rule of law was that a defendant who takes the stand and testifies is subject to impeachment by cross-examination, including unrelated violations of motor vehicle laws. *E.g., State v. Atkinson*, 39 N.C. App. 575, 251 S.E. 2d 677 (1979) (evidence admissible as tending to show lack of trustworthiness). The trial judge's determination to allow such evidence was only reversible for an abuse of discretion. *Id.* At bar, the trial judge clearly instructed the jury that Herrick's prior convictions were only to be considered on the issue of her credibility; hence we detect no abuse of discretion.

Upon retrial, however, N.C. Gen. Stat. Sec. 8C-1, Rule 609 (Supp. 1983), effective 1 July 1984, will govern.[1] Rule 609 is much more restrictive than the former law, and limits admissible evidence of prior convictions to those convictions less than ten years old and punishable by more than 60 days confinement. Thus,

---

1. The introductory comment to the new North Carolina Evidence Code provides that its rules shall apply to actions and proceedings commencing after 1 July 1984, and shall also apply to further procedure in actions and proceedings than pending, except to the extent that applications of the Chapter would not be feasible or would work injustice. *See also* 1 H. Brandis, *North Carolina Evidence* Sec. 6 (2d ed. 1982).

under Rule 609, most of Herrick's prior convictions will now be inadmissible.

[4]   Finally, Herrick argues that it was reversible error to allow a jury view of the repaired truck at the close of all the evidence. As Alston correctly points out, the decision to allow a jury view is within the discretion of the trial court, and not reviewable absent a showing of abuse of that discretion. *See* 1 H. Brandis, *North Carolina Evidence*, Sec. 120 & esp. n. 49 (2d rev. ed. 1982). We are of the opinion that no abuse of discretion has been shown here.

New trial.

Judge WEBB dissents.

Judge PARKER concurs.

Judge WEBB dissenting.

I dissent. I do not believe there was sufficient evidence of contributory negligence to be submitted to the jury. If the plaintiff could see defendant's driveway for 200 feet he was not required to anticipate the defendant would come out of the driveway and force him off the road. For this reason I do not believe there is evidence from which the jury could find his failure to keep a proper lookout was a proximate cause of the collision.

I also do not believe there is sufficient evidence that plaintiff was speeding to create a jury issue. If he was driving at 50 miles per hour there is no evidence this was not within the speed limit. I do not believe that we should hold that his negligent speed could be a proximate cause of the collision. He was not required to anticipate the defendant would come out of her driveway in front of him and slow down to meet this eventuality.

Finally, I do not believe the evidence that plaintiff did not apply his brakes but drove on the shoulder of the road is sufficient to create a jury issue. He was faced with a sudden emergency. I do not believe the jury could find he did not act as a reasonable prudent man would have acted under the circumstances.

The jury by its verdict has found the defendant came out of her driveway and caused the plaintiff to run off the road. I do not believe we should disturb this verdict.