PAULINE CAULDER, BY HER NEXT FRIEND, MRS. ARCHIE TOWNSEND,
v. S. T. GRESHAM, JR.

(Filed 2 June, 1944.)

1. Automobiles § 18g—

Where defendant leaves his truck unattended, partly on a paved or
improved portion of a State Highway, between sunset and sunup, without
displaying flares or lanterns not less than two hundred feet to the front
and rear of the vehicle, it is an act of negligence, G. S., 20-161, and the
driver of the car in which plaintiff was riding, traveling at about 30 to
35 miles per hour on his right side of the road, under conditions which
made it impossible for him to see more than a few feet ahead, although
apparently guilty of negligence, is not under the duty of anticipating
defendant's negligent parking, so that the concurrent negligence of the
two made the resulting collision inevitable and an exception to the denial
of a motion of nonsuit cannot be sustained.

2. Negligence §§ 6, 7, 8—

Where a second actor has become aware of the existence of a potential
danger created by the negligence of an original tort-feasor, and thereafter,
by an independent act of negligence, brings about an accident, the first
tort-feasor is relieved of liability, because the condition created by him
was merely a circumstance of the accident and not its proximate cause;
but where the second actor does not become appraised of such danger
until his own negligence, added to that of the existing perilous condition,
has made the accident inevitable, the negligent acts of the two tort-feasors
are contributing causes and proximate factors in the happening of the
accident and impose liability upon both of the guilty parties.

3. Automobiles § 12a: Negligence § 20—

On the issue of contributory negligence, evidence of speed at the time
of the accident is substantive, while evidence of prior speed is only cor-
roboratory, so that a remark of the court—"I think it immaterial"—on
overruling an objection to evidence of speed prior to the accident, if error,
is not of such import as to require a new trial, when contributory negli-
gence must be conceded.

4. Trial § 49—

A motion to set aside a verdict, as excessive and against the weight of
the evidence, is addressed to the sound discretion of the trial court and
is not subject to review in the absence of abuse.

APPEAL by defendant from Burgwyn, Special Judge, at November
Term, 1943, of ALAMANCE. No error.

Civil action to recover damages for personal injuries sustained in an
automobile-truck collision.

Prior to 6:00 a.m., on Sunday, 6 December, 1942, defendant's driver
stopped his oil tanker truck on Highway 70, headed west, about two
miles west of Burlington, to look after a spare wheel. The engine would
not start. He left the truck off the pavement except that the left rear

trailer wheels were about two feet on the pavement, and the left rear corner of the trailer extended about 4½ feet over the pavement, which was 22 feet wide. The driver went to Greensboro, leaving the truck unattended.

About 6:00 a.m., plaintiff and five companions were on their way to Pilot Mountain on an automobile driven by one Frank Elkins, traveling 30 or 35 miles per hour. It was before daylight, the weather was foggy, and a light "blowing" rain was falling so that Elkins could not see ahead much more than the length of his car. There were two flare pots. One was burning dimly, but the one to the rear of the truck was not lighted. Elkins did not see the truck until he was within a car length. He put on his brakes, but could not stop. He ran into the rear of the truck, knocking it several feet ahead. Plaintiff suffered certain personal injuries.

When the cause came on for trial in the court below issues tendered by defendant were submitted to the jury. They were answered in favor of plaintiff. Judgment was entered on the verdict, and defendant appealed.

*Thos. C. Carter and John H. Vernon for plaintiff, appellee.*
*Cooper & Sanders for defendant, appellant.*

BARNHILL, J. The defendant's driver left his truck unattended, partly on the paved or improved portion of a State Highway between sunset and sunup without displaying flares or lanterns not less than two hundred feet to the front and rear of the vehicle, in violation of the provisions of G. S., 20-161. That this was an act of negligence is not seriously contested.

The driver of the car in which plaintiff was riding was operating his automobile at 30 or 35 miles per hour, under conditions which made it impossible for him to see more than a few feet ahead. He was outrunning his lights. Although the jury found otherwise, that he was guilty of negligence seems to be apparent.

Was the negligence of Elkins, the operator of the passenger car, such as to constitute, as a matter of law, the sole proximate cause of the injury sustained by plaintiff? If so, judgment of nonsuit should have been entered.

The rule controlling the determination of this question is stated by *Stacy, C. J.,* in *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88, and may be properly divided into two parts:

(1) Where a second actor (Elkins) has become aware of the existence of a potential danger created by the negligence of an original tort-feasor,

and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor (defendant) is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause; but

(2) Where the second actor (Elkins) does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties.

See also *Kline v. Moyer,* 325 Pa., 357, 191 Atl., 43, 111 A. L. R., 406; Green, Rationale of Proximate Cause (ch. 5, sec. 2), 142.

A line of our decisions represented by *Powers v. Sternberg, supra,* falls within the first section. *Cole v. Koonce,* 214 N. C., 188, 198 S. E., 637, and like cases come within the second.

Applying this rule to the facts appearing of record, it becomes evident that this case falls within the second category.

Elkins was not under the duty of anticipating defendant's negligent parking of his truck in violation of the statute and in such manner as to partially block that portion of the highway he was required to use. *Reeves v. Staley,* 220 N. C., 573, 18 S. E. (2d), 239. He did not become aware of the situation thus created before it was too late for him to avoid a collision. The concurrent negligence of the two made the accident inevitable. *Cole v. Koonce, supra,* in which the factual situation is strikingly similar, is controlling. Exception to the denial of the motion to dismiss as in case of nonsuit cannot be sustained.

In cross-examining Elkins, witness for plaintiff, the defendant, for the purpose of testing the credibility of his statement as to his speed, questioned him as to the time which elapsed between the time he started on the trip and the time of the accident, and also as to the distance traveled. The witness stated he drove through Burlington. Counsel then asked him if it was not one and one-half miles through Burlington. Plaintiff objected. The court overruled the objection, but remarked: "I think it is immaterial." Defendant assigns this as error for that it constituted a prejudicial expression of opinion.

The examination was directed to the issue of contributory negligence. Evidence of speed at the time of the accident was substantive. Evidence of prior speed, at most, only corroboratory. On this record, negligence on the part of Elkins may be conceded. Had the jury answered this issue against the plaintiff, the result would have been the same. Hence, the error, if error at all, is not one of such import as to require a new trial.

The motion to set aside the verdict "as excessive and against the weight of the evidence" was addressed to the sound discretion of the trial judge. No abuse of discretion is made to appear. The assignment of error directed to the denial of this motion is without merit.

We have carefully examined the other exceptive assignments of error brought forward in defendant's brief. In them we find no cause for disturbing the verdict. In the trial below there was

No error.