**L. A. DE BARDELABEN, Inez P. De Bardelaben, trading as Guaranteed Waterproofing Company, of Greensboro, N. C., and James Ray Holbrook, Third Party Defendants, Appellants,**

v.

**John Dolan STALLINGS, Jr., Defendant and Third Party Plaintiff, Appellee.**

No. 7028.

United States Court of Appeals Fourth Circuit.

Argued Oct. 11, 1955.

Decided Nov. 7, 1955.

Charles H. Young, Raleigh, N. C., and Joseph C. Moore, Raleigh, N. C. (B. T. Henderson, II, Raleigh, N. C., on the brief), for appellants.

J. C. B. Ehringhaus, Jr., Raleigh, N. C., for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and THOMSEN, District Judge.

PER CURIAM.

This is an appeal from a judgment in an automobile collision case in which a defendant, one Stallings, who has suffered a recovery on the ground of negligence seeks contribution from third party defendants collectively referred to as Holbrook, alleged to be guilty of concurring negligence. From a judgment in favor of Stallings granting the contribution, Holbrook has appealed. Holbrook's truck had been damaged in a collision on a public highway in the night time. Stallings had approached the truck at an excessive rate of speed and in attempting to avoid striking it had swerved to the left and collided with the automobile of the plaintiff, one Freshman, who had recovered damages against Stallings on account of his negligence. The questions in the branch of the case relating to the liability of Holbrook for contribution were whether there was negligence on the part of Holbrook in not getting his truck out of the traveled portion of the highway and, if so, whether such negligence could be held a concurring cause of the injury of plaintiff on the theory that, under the North Carolina law, such negligence would not be "insulated" if Stallings did not become apprized of the danger due to the position of the truck in the highway until his own negligence added to that of the existing perilous condition made the accident inevitable. Caulder v. Gresham, 224 N.C. 402, 30 S.E.2d 312. Both questions were pure questions of fact and we do not think that upon the evidence we would be justified in disturbing the findings thereon of the trial judge.

The question as to whether the negligence of the owner who leaves a car in a traveled highway is "insulated" by the negligence of the driver of an oncoming car, has been the subject of frequent discussion by the Supreme Court of North Carolina in cases which will be found collected in the recent decision of Smith v. Grubb, 238 N.C. 665, 78 S. E.2d 598, 600, where it is said: "This principle, however, is not applicable where the facts alleged and shown are sufficient to justify the view that the several acts of negligence on the part of different defendants concurred in contributing to the injury complained of." Here the negligent acts of both Stallings and Holbrook concurred in causing the injury to plaintiff. While it is true that the negligent act of Holbrook in leaving the truck in the road would not have resulted in plaintiff's injury but for the negligent conduct of Stallings, it is also true that the negligence of Stallings would not have resulted in her injury but for the negligence of Holbrook, which continued up to the time of the injury and caused the swerving of Stallings' car. It is hard to imagine a clearer case of an injury caused by concurring negligence.

Affirmed.