ROBERT MEEKS v. JOHN C. ATKESON, JR.

No. 19

(Filed 14 October 1970)

**Automobiles § 88— sufficiency of evidence to require submission of issue of contributory negligence**

> In this action growing out of a collision between the automobiles of plaintiff and of defendant, the evidence failed to establish plaintiff's contributory negligence as a matter of law but required that the issue of contributory negligence be submitted to the jury.

ON *certiorari* to the Court of Appeals.

This action grows out of a collision between the automobiles of plaintiff and of defendant. The pleadings raise issues of negligence and contributory negligence. In a trial before Wheeler, District Court Judge, and a jury, at the March 1969 Civil Session of PITT District Court, the only evidence was that offered by plaintiff. At the conclusion of plaintiff's evidence, the court entered judgment of involuntary nonsuit. The Court of Appeals reversed. 7 N.C. App. 631, 173 S.E. 2d 509. We allowed defendant's petition for *certiorari*.

*Pritchett, Cooke & Burch, by W. L. Cooke, for plaintiff appellee.*

*James, Speight, Watson & Brewer, by William H. Watson, for defendant appellant.*

PER CURIAM.

There being plenary evidence of defendant's negligence, the crucial question was whether the evidence established that plaintiff was contributorily negligent as a matter of law. The opinion of Judge Parker, for the Court of Appeals, reviews plaintiff's evidence and states the applicable legal principles. Repetition is unnecessary. After further consideration, we agree that the evidence, when considered in the light most favorable to plaintiff, required that the issue of contributory negligence be submitted to the jury. Hence, the decision of the Court of Appeals is affirmed.

Affirmed.