Furr v. Pinoca Volunteer Fire Dept.

RONALD JENNINGS FURR AND THOMAS JENNINGS FURR, BY HIS GUAR-
DIAN AD LITEM, RONALD JENNINGS FURR v. PINOCA VOLUNTEER FIRE
DEPARTMENT OF PAW CREEK TOWNSHIP, INCORPORATED AND RICHARD D.
GUINEY, JR.

LILLIAN JANE BROOME FURR v. PINOCA VOLUNTEER FIRE DEPART-
MENT OF PAW CREEK TOWNSHIP, INCORPORATED AND RICHARD D. GUINEY, JR.

No. 8026SC725

(Filed 18 August 1981)

1. **Automobiles § 56.2— parking vehicle in highway—proximate cause—jury question**

In an action to recover damages for personal injuries sustained by plaintiffs in a rear end collision with a fire truck parked by the individual defendant in the highway, the trial court did not err in denying plaintiffs' motions for directed verdict and judgment n.o.v., though the uncontroverted act of the individual defendant in the course and scope of his agency for the corporate defendant violated G.S. 20-161(a) and violation of this statute constituted negligence *per se*, since a determination of whether defendants' negligence was a proximate cause of plaintiffs' injuries was a question for the jury.

2. **Automobiles § 90— concurring negligence—failure to declare and explain law error**

In an action to recover damages for personal injuries sustained in a rear end collision, the trial court erred in failing to declare and explain the law of concurring negligence as requested and to apply it to the evidence presented.

3. **Automobiles § 76.2— rear end collision—contributory negligence—jury question**

In plaintiff's action to recover for personal injuries sustained when she collided with the rear of defendants' fire truck which was parked in her lane of travel, the trial court erred in directing a verdict for defendants where the evidence tended to show that no lights were burning on the fire truck at the time of the collision; plaintiff was driving well within the posted speed limit with her headlights on; visability ahead of her was not clear because of an incline; the line of headlights in the oncoming lane coupled with some lights in a parking lot ahead of plaintiff created "a black hole" of darkness in her lane of travel; plaintiff first observed the fire truck when her headlights reflected from its unlighted rear; plaintiff immediately "slammed on [her] brakes" but was unable to avoid the collision; and the jury could have found from this evidence that a person exercising ordinary care under the circumstances could not reasonably have expected the presence of defendants' truck on the highway and could not reasonably have perceived that presence in time to avoid the collision.

4. **Trial § 8— mother and son injuried in accident—consolidation of personal injury actions improper**

      It would be better to try personal injury actions brought by a mother and son separately since, at the time of the collision in question, the statute abolishing parent-child immunity in motor vehicle cases had not been enacted; plaintiff's son therefore could not recover from his mother for any negligence on her part which may have caused or concurred in causing the collision; and consolidation of the minor's case with the mother's case created a trial setting in which the jury could easily be confused as to the parties from whom the minor plaintiff could recover.

APPEAL by plaintiffs from *Friday, Judge.* Judgment entered 24 April 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 February 1981.

Civil actions to recover damages for personal injuries sustained by plaintiff Lillian Furr and her minor son, plaintiff Thomas Furr, when an automobile driven by plaintiff Lillian Furr in which her son was a passenger collided with the rear of a fire truck owned by the corporate defendant, which the individual defendant, acting in the course and scope of his agency as a volunteer for corporate defendant, had parked in the left, south bound lane of a four lane highway for the purpose of preventing oncoming traffic from hitting a fallen utility wire.

In plaintiff Lillian Furr's action the trial court directed a verdict for defendants at the close of plaintiffs' evidence. In the action on behalf of plaintiff Thomas Furr the jury answered the issue of defendants' negligence in the negative.

From a judgment for defendants, dismissing the actions with prejudice, plaintiffs appeal.

*Hicks, Harris and Sterrett, by Richard F. Harris, III, for plaintiff-appellants.*

*Fairley, Hamrick, Monteith and Cobb, by S. Dean Hamrick and F. Lane Williamson, for defendant-appellees.*

WHICHARD, Judge.

The issues presented are:

FIRST: Whether the court erred in denying the motion by plaintiffs for directed verdict and judgment notwithstanding the

verdict in the action on behalf of plaintiff Thomas Furr? It did not.

SECOND: Whether the court erred in its charge to the jury in the action on behalf of plaintiff Thomas Furr? It did, and accordingly a new trial is granted.

THIRD: Whether the court erred in granting the motion by defendants for directed verdict in the action by plaintiff Lillian Furr? It did, and accordingly the judgment is reversed.

FOURTH: Whether the court erred to the prejudice of plaintiffs in consolidating for trial the action by plaintiff Lillian Furr and the action on behalf of plaintiff Thomas Furr? Because the cases must be retried, it is unnecessary to determine the question here. Upon remand separate trials are recommended.

APPEAL OF PLAINTIFFS
RONALD JENNINGS FURR
AND
THOMAS JENNINGS FURR

[1] FIRST: Plaintiffs contend the evidence established, as a matter of law, negligence of defendants and absence of insulating negligence; and that consequently the court should have granted their motions for directed verdict and judgment notwithstanding the verdict. The uncontroverted act of the individual defendant, in the course and scope of his agency for the corporate defendant, violated G.S. 20-161(a), which provides:

> No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled portion of any highway . . . unless the vehicle is disabled to such an extent that it is impossible to avoid stopping and temporarily leaving the vehicle upon the paved or main-traveled portion of the highway . . . .

Violation of this statute constitutes negligence *per se. Hughes v. Vestal*, 264 N.C. 500, 142 S.E. 2d 361 (1965). Proximate cause, nevertheless, remains a question for the jury.

> [W]here the violation of a statute, intended and designed to prevent injury to person or property, which is negligence *per se*, is admitted or established by the evidence, it is ordinarily

a question for the jury to determine whether such negligence is a proximate cause of injury which resulted in damages.

*Barrier v. Thomas and Howard Co.*, 205 N.C. 425, 427, 171 S.E. 626, 626 (1933). The court thus properly allowed the case to go to the jury for determination of whether defendants' negligence was a proximate cause of plaintiffs' injuries.

[2] SECOND: Plaintiffs contended at trial that defendants' negligence proximately caused injuries to plaintiffs father and son, and that any negligence of plaintiff Lillian Furr merely concurred with defendants' negligence and did not insulate it. Defendants contended plaintiff Lillian Furr's negligence was the sole proximate cause, thus insulating the negligence of defendants.

In *Caulder v. Gresham*, plaintiff was a passenger in a car which collided with a truck defendant had parked partially on the highway. 224 N.C. 402, 30 S.E. 2d 312 (1944). Defendant contended the car driver's negligence was the sole proximate cause of plaintiff's injuries. The Supreme Court set forth the rule that the negligence of a second actor insulates that of an original tortfeasor, so as to relieve the original tortfeasor of liability, if the second actor has become aware of a potential danger created by the negligence of the original tortfeasor, and thereafter, by an independent act of negligence, brings about the accident. The negligence of the second actor does not insulate that of the original tortfeasor, however, when the second actor does not become apprised of the danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable. In that event "the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties." *Id.* at 404, 30 S.E. 2d at 313. The court stated that the driver of the car in which plaintiff was a passenger "was not under the duty of anticipating defendant's negligent parking of his truck in violation of the statute and in such manner as to partially block that portion of the highway he was required to use." *Id.*

The court here refused plaintiffs' request for instructions which stated the law in the language of *Caulder*. In explaining proximate cause as it related to plaintiffs' evidence the court instructed:

Proximate cause . . . is a real cause, a cause without which the claimed injury would not have occurred, and one which a reasonably careful and prudent person could foresee would probably produce such injury or some similar injurious result. Foreseeability, then, is an element of proximate cause. Now there may be more than one proximate cause of injuries. Therefore, the person seeking damages need not prove that the other party's negligence was the sole proximate cause of the injury. He must prove by the greater weight of the evidence only that the other party's negligence was a proximate cause of the injury.

. . . .

. . . [A] violation of a safety statute does not alone entitle the person injured or damaged to recover. To justify recovery it must be proved [sic], by the greater weight of the evidence, that such violation was a proximate cause of the injury.

With regard to defendants' contention of plaintiff Lillian Furr's insulating negligence, the court instructed:

[I]f the Defendant has proved [sic], by the greater weight of the evidence, . . . that [Mrs. Furr's] negligence was the sole proximate cause of the minor Plaintiff's injuries and damages, then it would be your duty to answer . . . in favor of the Defendant.

These instructions failed adequately to differentiate between concurring proximate causes and a sole proximate cause. They also failed to relate the law of concurring proximate causes and insulating negligence to the evidence presented. Plaintiff Lillian Furr testified, "[B]y the time I saw the fire truck it was too late. *When I first saw the fire truck* I slammed on brakes." (Emphasis supplied.) From this evidence the jury could have found that any negligence on the part of plaintiff Lillian Furr concurred with defendants' negligence to cause the accident, rather than that the accident was caused by an independent act of negligence on her part after she became aware of the potential danger created by defendants' negligence. The failure to declare and explain the law of concurring negligence as requested and to apply it to the evidence presented was error entitling plaintiffs to a new trial. G.S. 1A-1, Rule 51(a).

Because the question may arise upon retrial, we comment on one further error assigned by these plaintiffs. Both plaintiffs and defendants submitted one issue on the question of negligence, *viz.*, was the minor plaintiff injured by the negligence of the defendants. The court submitted two issues on the question, *viz.:*

1. Was the minor plaintiff . . . injured by the negligence of the defendants as alleged in his Complaint?

2. Was the negligence of Lillian Jane Broome Furr the sole proximate cause of the injuries and damages of the plaintiffs?

Upon proper instructions on the doctrines of concurring and insulating negligence, the jury's answer to the first issue alone resolves the negligence question. Thus, upon retrial, only the first issue should be submitted.

APPEAL OF PLAINTIFF
LILIAN JANE BROOME FURR

[3] As noted above, plaintiffs' evidence established negligence *per se* by defendants; and when evidence establishes negligence *per se*, "it is ordinarily a question for the jury to determine whether such negligence is a proximate cause of injury." *Barrier v. Thomas and Howard Co.*, 205 N.C. 425, 427, 171 S.E. 626, 626 (1933). Thus, the directed verdict against this plaintiff can be sustained only if plaintiffs' evidence, considered in the light most favorable to this plaintiff, so clearly established her own negligence as one of the proximate causes of her injuries "that no other reasonable inference or conclusion may be drawn therefrom." *Rappaport v. Days Inn*, 296 N.C. 382, 384, 250 S.E. 2d 245, 247 (1979).

The uncontroverted evidence established that defendants' truck was parked in violation of G.S. 20-161. This plaintiff testified that no lights were burning on the truck at the time of the collision. She also testified that she was driving well within the posted speed limit with her headlights on; that visibility ahead of her was not clear because of an incline; that the line of headlights in the north bound lanes coupled with some lights in a parking lot ahead of her created "a black hole" of darkness in her lane of travel; that she first observed the truck when her headlights reflected from its unlighted rear; and that she im-

mediately "slammed on [her] brakes" but was unable under these circumstances to avoid the collision.

"Plaintiff's inability to stop [her] vehicle within the radius of [her] lights cannot be considered contributory negligence *per se.*" *Meeks v. Atkeson,* 7 N.C. App. 631, 637, 173 S.E. 2d 509, 512, *aff'd per curiam,* 277 N.C. 250, 176 S.E. 2d 771 (1970). In discussing the duty of a motorist to exercise ordinary care for his or her own safety, Justice Ervin has stated:

> The duty . . . does not extend so far as to require that [the motorist] must be able to bring his automobile to an immediate stop on the sudden arising of a dangerous situation which he could not reasonably have anticipated. Any such requirement would be tantamount to an adjudication that it is negligence to drive an automobile on a highway in the nighttime at all. The law simply decrees that a person operating a motor vehicle at night must so drive that he can stop his automobile or change its course in time to avoid collision with any obstacle or obstruction whose presence on the highway is reasonably perceivable to him or reasonably expectable by him. It certainly does not require him to see that which is invisible to a person exercising ordinary care.

*Chaffin v. Brame,* 233 N.C. 377, 380, 64 S.E. 2d 276, 279 (1951). The jury could have found that a person exercising ordinary care under the circumstances here could not reasonably have expected the presence of defendants' truck on the highway and could not reasonably have perceived that presence in time to avoid the collision. Plaintiffs' evidence thus did not establish the contributory negligence of plaintiff Lillian Furr as a matter of law, and the court erred in directing a verdict against her.

### CONSOLIDATION
### ISSUE

[4] Plaintiffs in both cases assign error to consolidation of the cases for trial.

> The trial court possesses the power to order consolidation of actions for trial when the actions involve the same parties and the same subject matter, if no prejudice or harmful complications will result therefrom. This power is vested in the trial judge so as to avoid multiplicity of suits,

> unnecessary costs, delays, and to afford protection from op-
> pression and abuse. To sustain an exception to the court's
> discretionary consolidation of the actions, injury or prejudice
> to the appealing party arising from such consolidation must
> be shown, *Peeples v. R.R.*, 228 N.C. 590, 46 S.E. 2d 649.

*Kanoy v. Hinshaw*, 273 N.C. 418, 423, 160 S.E. 2d 296, 300 (1968).
At the time of the collision here G.S. 1-539.21, abolishing parent-
child immunity in motor vehicle cases, had not been enacted. Con-
sequently, plaintiff Thomas Furr cannot recover from his mother,
plaintiff Lillian Furr, for any negligence on her part which may
have caused or concurred in causing the collision. Consolidation of
the minor's case with the mother's creates a trial setting in which
the jury might easily be confused as to from whom the minor
plaintiff can recover. Further, the court here in its charge on in-
sulating negligence referred to plaintiff Lillian Furr several times
as "the Defendant." While ordinarily a *lapsus linguae* of this
nature might be immaterial, under the circumstances here the
possibility of prejudice is considerable.

Under the circumstances presented "it would be better to try
the actions brought by these plaintiffs . . . separately." *Dixon v.
Brockwell*, 227 N.C. 567, 571, 42 S.E. 2d 680, 682 (1947).

RESULT

In the appeal of plaintiffs Ronald Jennings Furr and Thomas
Jennings Furr, new trial.

In the appeal of plaintiff Lillian Jane Broome Furr, reversed
and remanded.

Judges MARTIN (Robert M.) and WEBB concur.