JOYCE ELAINE DUNN v. DAVID SCOTT HERRING AND GEORGE DILLON SMITH

No. 834SC416

(Filed 20 March 1984)

**Automobiles and Other Vehicles § 76.1— striking unlighted trailer across roadway —no contributory negligence as matter of law**

Plaintiff's evidence did not show that she was contributorily negligent as a matter of law in colliding with defendants' tractor-trailer where it tended to show that plaintiff was traveling in the eastbound lane while it was dark and the weather was clear; the tractor was in the eastbound lane facing westbound traffic with its headlights on; the trailer extended across the westbound lane and was unlighted; plaintiff saw the lights from the tractor and slowed down from 55 miles per hour to about 35 miles per hour; and plaintiff did not see the trailer at any time and did not apply her brakes before her vehicle hit the

trailer. Whether plaintiff should have seen the trailer and, if so, whether she had adequate time to avoid the collision were factual questions appropriate for jury resolution.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 18 November 1982 in Superior Court, DUPLIN County. Heard in the Court of Appeals 7 March 1984.

This is an action for damages which resulted when plaintiff's automobile collided with defendants' tractor-trailer.

The plaintiff's evidence tended to show the following: At about 6:55 p.m. on 11 November 1980, plaintiff was traveling to her parents' home in Warsaw from Greenville, where she attended school. She had just turned off Route 11 onto Rural Paved Road No. 1300, and was traveling in a westerly direction. It was dark but the weather conditions were clear.

Defendant-driver Herring was backing a tractor-trailer into a private drive off Rural Paved Road No. 1300. The tractor was positioned in the eastbound lane, generally facing westbound traffic. The trailer was extended across the westbound lane, plaintiff's lane of travel. The headlights of the cab of the tractor were on; however, the trailer was unlit. There were no flares or warning devices.

Plaintiff testified that she had just come around a curve and entered a straight stretch of road when she saw the lights from the tractor in the eastbound lane, and slowed down from her former speed of fifty-five miles per hour to about thirty-five miles per hour. Plaintiff testified:

> The first thing I remember seeing was the headlights, when I came around the curve. I could tell it wasn't moving, or if it was moving at all, it was moving very slowly. Being raised in that part of the country, I was used to farm trucks being on the roads, so I slowed down to see what course it would take, whether it was a tractor or what it was. All I remember seeing, really, was the headlights of the truck.

Plaintiff testified that she did not see the trailer at any time before the collision. Because the lights were coming from the eastbound lane, plaintiff stated she saw no need to slow down further or to stop her vehicle, and she proceeded at a speed of about

thirty-five miles per hour. Plaintiff did not recall applying her brakes at any time before the collision, when her vehicle hit the trailer portion of the tractor-trailer.

Plaintiff's vehicle was damaged extensively and plaintiff sustained numerous bodily injuries. The trial court granted defendants' motion for a directed verdict at the close of plaintiff's evidence. From the order granting this motion, plaintiff appeals.

*Thompson and Ludlum, by E. C. Thompson, III, for plaintiff appellant.*

*White, Allen, Hooten, Hodges & Hines, by John R. Hooten, for defendant appellees.*

VAUGHN, Chief Judge.

The test for directing a verdict for a defendant on the ground of contributory negligence is easily stated. Such a motion should only be granted when "the evidence, when considered in the light most favorable to plaintiff, establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom." *Meeks v. Atkeson,* 7 N.C. App. 631, 636, 173 S.E. 2d 509, 512 (1970), *quoting Brown v. Hale,* 263 N.C. 176, 139 S.E. 2d 210 (1964). Although readily stated, the application of this rule to fact situations like the instant one often creates "a serious and troublesome question" for the trial court. *Carrigan v. Dover,* 251 N.C. 97, 101, 110 S.E. 2d 825, 828 (1959).

Because the trial court runs the risk of invading the province of the jury, directed verdicts are to be sparingly granted. An examination of cases involving facts resembling ours demonstrates that only the strongest evidence does not present a jury question and mandates a directed verdict. We find that plaintiff's evidence does not establish plaintiff's contributory negligence as a matter of law, and the directed verdict must be reversed and the case remanded for a new trial.

*Carrigan v. Dover, supra,* presents a fact situation analogous to ours. In that case, the plaintiff was traveling between twenty and twenty-five miles per hour in the left lane of a three-lane road where the speed limit was thirty-five miles per hour. It was night and the road conditions were dry. When the car in front of plaintiff signaled to make a left turn, plaintiff moved over to the

middle lane where a tractor-trailer was stopped about forty feet in front of the plaintiff. Although there were streetlights in the area, there were no lights on the tractor-trailer, and it blended into the darkness. Plaintiff testified that he did not see defendant's vehicle until he was twenty-five or thirty-five feet from it. There was no evidence that plaintiff applied his brakes before the collision. Upon these facts our Supreme Court stated:

> [O]pposing inferences are permissible from plaintiff's proof as to whether or not he ought to have seen in the exercise of ordinary care for his own safety the tractor-trailer in time to have avoided running into it, and as to whether or not he used ordinary care in the interest of his own safety, and therefore, the case was properly submitted to the jury.

*Id.* at 103, 110 S.E. 2d at 829.

*Williams v. Express Lines*, 198 N.C. 193, 151 S.E. 197 (1930) framed the issue on appeal as "whether it is contributory negligence as a matter of law to run into an unlighted truck in the nighttime, upon a straight road . . . where there is nothing to obscure the vision of the driver. . . ." *Id.* at 195-6, 151 S.E. at 198.

In that case, plaintiff's evidence tended to show that although he kept a proper lookout he did not see the unlighted truck parked on the highway until he was within five or ten feet of it. The evidence further indicated plaintiff was traveling upgrade, that plaintiff's headlights were adjusted downward, and the bottom of the truck was fifty inches off the ground. The Supreme Court found a permissible inference existed that plaintiff's lights did not illuminate the truck and that plaintiff's failure to see the truck prior to the collision was not contributory negligence as a matter of law.

In *Cummins v. Fruit Co.*, 225 N.C. 625, 36 S.E. 2d 11 (1945), the plaintiff testified that as he approached defendants' truck which was parked on the road, the lights from an approaching car "blinded" him. In holding there was no error in denying defendant's motion for a nonsuit, the Supreme Court noted that while the standard of conduct to be observed by the plaintiff was that of an ordinarily prudent driver, "certainly the ordinarily prudent [person] must be permitted to put some reliance on compliance

with the most common and ordinary laws or rules established for his [or her] protection . . . ." *Id.* at 631, 36 S.E. 2d at 15.

The Court made two applications of this principle, both of which pertain to this case. First, the plaintiff was not required to anticipate that the defendants' truck would be parked on the pavement in the right-hand lane of travel without lights, and second, the plaintiff was not obligated to stop because he was momentarily blinded by the headlights of a passing car. Neither was plaintiff at bar required to anticipate defendant driver's negligence, nor was she required to stop simply because the headlights of the truck shone in her direction. Furthermore, unlike the plaintiff in *Cummins*, plaintiff at bar never testified that the headlights blinded her, only that they "probably helped prevent me from seeing [the trailer] to some degree," giving her even less reason to stop her car.

In *Furr v. Pinoca Volunteer Fire Dept.*, 53 N.C. App. 458, 281 S.E. 2d 174, *review denied*, 304 N.C. 587, 289 S.E. 2d 377 (1981), this Court reversed a directed verdict against plaintiff, reasoning:

> "Plaintiff's inability to stop [her] vehicle within the radius of [her] lights cannot be considered contributory negligence *per se* . . . ." "The duty [of exercising ordinary care] . . . does not extend so far as to require that [the motorist] must be able to bring his [or her] automobile to an immediate stop on the sudden arising of a dangerous situation which [the motorist] could not reasonably have anticipated" . . . . The jury could have found that a person exercising ordinary care under the circumstances here could not reasonably have expected the presence of defendants' truck on the highway and could not reasonably have perceived that presence in time to avoid the collision.

*Id.* at 464, 281 S.E. 2d at 178-9.

These cases show that whether plaintiff ought to have seen the trailer and, if so, she had adequate time to avoid the collision, are factual questions appropriate for jury resolution. Plaintiff's position receives further support from cases which have affirmed judgments of nonsuits or directed verdicts, or reversed their denial. These cases are factually distinguishable from ours. In these cases, the single permissible inference was plaintiff's con-

Dunn v. Herring

tributory negligence. *See, e.g., Whaley v. Adams,* 25 N.C. App. 611, 214 S.E. 2d 301 (1975) (defendant's overturned vehicle had lights on it, and was also framed by light from another vehicle); *Warren v. Lewis,* 273 N.C. 457, 160 S.E. 2d 305 (1968) (collision occurred in broad daylight where plaintiff had unobstructed view); *Morgan v. Cook,* 236 N.C. 477, 73 S.E. 2d 296 (1952) (plaintiff testified that the lights of defendant's oil truck blinded him).

Although this is a close case, such cases are not appropriately resolved by directed verdicts. *See Wallace v. Evans,* 60 N.C. App. 145, 298 S.E. 2d 193 (1982) (distinguishing situations where evidence permits, but does not compel, finding of contributory negligence); *Daughtry v. Turnage,* 295 N.C. 543, 544, 246 S.E. 2d 788, 789 (1978) ("evidence of plaintiff's contributory negligence, while strong, is not so overpowering as to preclude all reasonable inferences to the contrary").

The better procedure to follow in these cases is well-expressed in *Partin v. Power and Light Co.,* 40 N.C. App. 630, 253 S.E. 2d 605, *review denied,* 297 N.C. 611, 257 S.E. 2d 219 (1979), an action to recover for personal injuries sustained when plaintiff came into contact with defendant's high voltage line. This court in *Partin* was responding to a trend from the Supreme Court to place a heavier burden on the defendant in establishing contributory negligence in that type of case than it had formerly. However, their analysis is equally applicable to fact situations such as ours:

> Between those cases holding contributory negligence as a matter of law and those cases holding the evidence was for the jury, the line is thin and at some places obscure or nebulous . . . . [I]t may be advisable for the trial court, in such cases where the line is not clear, to reserve its ruling on a motion for directed verdict until the jury has returned a verdict and then allow or deny a motion for a judgment notwithstanding the verdict under Rule 50(b), which on appeal may obviate the need for a new trial if the appellate court reverses the judgment notwithstanding the verdict.

*Id.* at 639-40, 253 S.E. 2d at 612-3. In cases such as this one, where a moving vehicle collides with a vehicle stopped in its lane of travel, and the question of plaintiff's contributory negligence is a close one, the trial court should similarly reserve its ruling. The

trial court did not do so, and this case must be remanded for a new trial.

Reversed and remanded for a new trial.

Judges HILL and PHILLIPS concur.