Dunn v. Herring

---

---

JOYCE ELAINE DUNN v. DAVID SCOTT HERRING AND GEORGE DILLAN SMITH

No. 844SC1018

(Filed 18 June 1985)

1. **Automobiles and Other Vehicles § 76.1— striking unlighted trailer across road-way—no contributory negligence**

   There was no error in the denial of defendants' motions for a directed verdict and for judgment n.o.v. based on plaintiff's alleged contributory negligence where plaintiff was driving in a westerly direction after dark in clear weather; she came out of a curve and saw the headlights of an apparently large vehicle in the eastbound lane; the oncoming vehicle seemed to be moving slowly if at all; plaintiff slowed from fifty-five miles per hour to thirty-five miles per hour to see what course the vehicle would follow; plaintiff then struck defendants' trailer, which was backing into a driveway with the tractor in the eastbound lane and the trailer across the westbound lane without flares or warning devices.

2. **Automobiles and Other Vehicles § 90.9— control of automobile—instruction not required by evidence**

   There was no evidence requiring the judge to instruct the jury on the proper control of an automobile where the evidence revealed that plaintiff, knowing the area was frequented by farm vehicles, slowed her vehicle after coming out of a curve and observing the headlights of a tractor-trailer in the opposite lane, plaintiff thereafter collided with the trailer portion of the tractor-trailer which was across her lane of traffic and was unlit and without warning devices or flares even though it was after dark. There was no evidence that plaintiff was not in control of her vehicle.

Dunn v. Herring

3. Judgments § 55— prejudgment interest—liability insurance admitted in answer

In an action arising from an automobile collision, there was no error in the court's assessment of interest from the date the complaint was filed where defendants admitted in their answer that the claim was covered by liability insurance. G.S. 24-5.

APPEAL by defendants from *Bruce, Judge*. Judgment entered 6 June 1984 in Superior Court, DUPLIN County. Heard in the Court of Appeals 7 May 1985.

This is a civil action for damages in which plaintiff seeks to recover damages for personal injuries sustained when plaintiff's automobile collided with defendants' tractor-trailer. Plaintiff's complaint alleged defendants' negligence as the cause of the accident; defendants in turn answered and pleaded contributory negligence as an affirmative defense. The jury returned a verdict for plaintiff and defendants appealed.

*Allen, Hooten & Hodges, P.A., by John R. Hooten and John C. Archie, for defendants.*

*Thompson and Ludlum, by E. C. Thompson, III, for plaintiff.*

JOHNSON, Judge.

[1] Defendants contend that the trial court erred in denying their motions for directed verdict and for judgment notwithstanding the verdict on the grounds that plaintiff's evidence established her contributory negligence as a matter of law.

Plaintiff's evidence revealed the following: Plaintiff was traveling from Greenville to her parents' home located near Warsaw on Rural Paved Road 1300. After leaving Greenville at approximately 5:30 p.m. on Highway 11, plaintiff turned onto Rural Road 1300 headed in a westerly direction. Plaintiff was driving a 1979 Chevrolet Monza, a compact two-door car. At the time plaintiff was proceeding on Rural Paved Road 1300, it was dark but the weather conditions were clear. In an area known as Benson's Garage, plaintiff had just come out of a curve when she first observed the headlights of an oncoming vehicle in the eastbound lane. Plaintiff reduced her speed from fifty-five miles per hour to about thirty-five miles per hour. The vehicle looked like a large vehicle because the lights were up high. Plaintiff believed the

vehicle was moving very slowly, if moving at all. She stated that, "being raised in the country, I was used to farm trucks being on the roads, so I slowed down to see what course it would follow." The distance from the curve where plaintiff first observed the headlights to defendants' vehicle was about two tenths of a mile. Plaintiff did not observe any type of warning devices, flagmen or anything else to put her on notice that defendants' vehicle was across her lane of travel. Plaintiff stated that she did not see defendants' tractor-trailer at any time before the collision. Plaintiff did not apply her brakes since the headlights were in the eastbound lane and she was unaware of the trailer portion of defendants' vehicle being across her lane of travel. After the collision, plaintiff was taken to New Hanover Memorial Hospital suffering from body injuries. Plaintiff's vehicle was badly damaged.

The evidence also revealed defendant Herring, the driver of the tractor-trailer involved in the collision, was backing the tractor-trailer into a driveway off Rural Paved Road 1300. The tractor portion of the vehicle was located in the eastbound lane of traffic and the trailer portion was extended across the westbound lane of traffic. There were no flares or warning devices placed at or near the tractor-trailer. The headlights of the tractor portion of the vehicle were lit, but the trailer portion was unlit.

First, we take judicial notice of the fact this case was previously before this Court. *Dunn v. Herring*, 67 N.C. App. 306, 313 S.E. 2d 22 (1984). The issue before us now is the identical issue presented in the earlier appeal; whether plaintiff's evidence established her contributory negligence as a matter of law, thus barring her recovery. After a thorough review of the facts and application of the relevant legal principles, this Court, in the prior action, found that plaintiff's evidence did not establish her contributory negligence as a matter of law and reversed the directed verdict granted in defendants' favor and the case was remanded for a new trial. We have reviewed the entire record before us and find that plaintiff has presented substantially the same evidence.

The only difference between the case *sub judice* and the previous case before this Court, *Dunn, supra*, is that defendants in our case also moved for a judgment notwithstanding the verdict. However, the test to be applied in considering a motion for judgment notwithstanding the verdict is the same as that applied in

considering a motion for a directed verdict. *Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549 (1973). Therefore, we find that the trial court properly denied defendants' motions for directed verdict and judgment notwithstanding the verdict. *Dunn, supra.*

[2] Defendants next contend that the trial court erred in failing to charge the jury on the question of proper control. G.S. 1A-1, Rule 51(a) requires the trial judge to declare and explain the law arising on the evidence presented in the case. We have reviewed the record and we can find no evidence that would require the trial judge to instruct on proper control. The evidence revealed that plaintiff slowed her vehicle down after coming out of the curve and observing the headlights of the tractor-trailer. The headlights were in the eastbound lane, but the plaintiff knowing that the highway was frequented by farm machinery slowed down to ascertain its movements. Thereafter, she collided with the trailer portion of the tractor-trailer which was located in the westbound lane, her lane of traffic. It was dark when these events transpired, however, the trailer was unlit and there were no warning devices or flares. There was no evidence plaintiff, after she slowed down, was not in control of her vehicle. On this evidence, we believe the trial judge properly refused to submit the instruction on proper control.

Defendants assign error to the trial court's denial of their motion for a new trial on the grounds that the trial court committed error in denying defendants' motion for directed verdict and failing to instruct the jury on proper control. In light of our previous discussions of defendants first two assignments of error, we find defendants' contention is without merit.

[3] Lastly, defendants assign error to the court's entry of judgment and assessment of interest from the date the complaint was filed. Defendants cite G.S. 24-5 as support for their proposition.

G.S. 24-5 provides in pertinent part:

The portion of all money judgments designated by the factfinder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims covered by

liability insurance. The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly.

Defendants contend that the record is absolutely devoid of any evidence, findings of fact or conclusion which shows that this claim was covered by liability insurance. We have reviewed the record and find that the defendants in their answer admitted the existence of liability insurance. Admissions in the pleadings admitting a material fact becomes a judicial admission in a case and eliminates the necessity of submitting an issue in regard thereto to the jury. *Crowder v. Jenkins*, 11 N.C. App. 57, 180 S.E. 2d 482 (1971). These admissions have the same effect as jury findings and nothing else appearing, they are conclusive and binding upon the parties and the trial judge. *Id*. Defendants' contention is without merit.

No error.

Judges WELLS and COZORT concur.